Case 2:99-cv-00250  Document 1  Filed on 07/01/99 in TXSD  Page 1 of 35

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| **GEORGE RODRIGUEZ** on behalf of himself and all others similarly situated, *Plaintiffs,* <br><br> VS. <br><br> **CHECKNET, INC., a Foreign California Corporation, CHAD MIRAGLIA, Individually, and GEORGE PURCELL, Individually, d/b/a in Texas as CONVENIENT CHECK CASHING,.** *Defendants.* | Civil Action No. **C - 99 - 250** <br><br> **CLASS ACTION** <br> **Jury Demand** |

### CLASS ACTION COMPLAINT

#### *Preliminary Statement*

1.     The Plaintiff, **GEORGE RODRIGUEZ**, institutes this action for statutory damages, attorney fees, and costs against Defendant, **CHECKNET, INC., a Foreign Corporation, CHAD MIRAGILA, individually,  DOUGLAS P. PURCELL, individually, d/b/a CONVENIENT CHECK CASHING** for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., ( "TILA"), violations of the for violating Chapter 342 of the Texas Finance Code (Vernon 1998), Tex. Rev. Civ. Stat. art. 5069-3A (Chapter Tex. Rev. Civ. Stat. art. 5069-3A of the Texas Credit Title), the Texas Debt Collection Practices Act (Chapter 392, Texas Finance Code) and the Texas Deceptive Trade Practices – Consumer Protection Act, Tex. Bus. & Comm. Code § 17.41 *et seq.* (Vernon 1987 &

CHPDF - www.fasso.com

Supp. 1999) (hereafter DTPA), Common Law Usury, and Common Law Unfair Debt Collection Practices.

### *Jurisdiction*

2.      The jurisdiction of this court is invoked pursuant to the Truth in Lending Act, 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331. Supplemental jurisdiction over state law claims exist pursuant to 28 U.S.C. § 1367. Venue in this District is proper because the acts that gave rise to this cause of action occurred in substantial part in this District and because Defendant resides in this District.  Declaratory relief is requested pursuant to 28 U.S.C. §§ 2201 and 2202.

### *Parties*

3.      The Plaintiff, GEORGE RODRIGUEZ, is an individual who resides in Nueces County, Texas.

4.      The Defendant, CHECKNET, INC., is a California Corporation that is doing business in Texas, is an corporation that may be served by serving its President at 675 Ygnacio Valley Road, Suite B#104, Walnut Creek, California 94596.

5.      The Defendant, CHAD MIRAGLIA, is an individual who resides in California and is the President of the Defendant CHECKNET, INC., and may be served with process at 675 Ygnacia Valley Road, Suite B#104, Walnut Creek, California 94596.

6.      The Defendant, DOUGLAS P. PURCELL, is an individual that resides in Nueces County, Texas and who claims to be the Chairman of CONVENIENT CHECK CASHING and he may be served with process at his business location at 3042 South Port, Corpus Christi, Texas or at his residence at 454 Pennington, Corpus Christi, Texas.

### *Acts of Agents*

7.    Whenever it is stated that any Defendants herein did any act or thing, or failed to do any act or thing, it is meant to include the defendants' principals, supervisors, employers, employees, agents, representatives, officers, directors, shareholders, parent corporations, subsidiary corporations, franchisers and franchisees performed or participated in the act on behalf of and under the authority of the Defendant.

### *Summary of the Case*

8.    The Defendants have and are violating the Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA").

9.    Under 15 U.S.C. § 1640, the defendants are liable for their failure to comply with any requirement of the act with respect to any person are liable to such person in amount equal to the sum of —

(1) any actual damages sustained by such person as a result of the failure;

(2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction ,

..... or,

(B) in the case of a class action, such amount as the court may allow, except that as to each member of the class no minimum recovery shall be applicable and the total recovery under this subparagraph in any class action or series of class action arising out of the same failure to comply by the same creditor shall not be more than the lesser of $500,000 or 1 per centum of the net worth of the creditor.

10.    Defendants are violating the Texas Credit Title and the Texas Finance Code by

engaging in unauthorized lending and by making consumer loans at grossly usurious rates. In addition, Defendant is engaging in prohibited debt collection methods and false, misleading or deceptive acts or practices.

11.    Under Tex. Rev. Civ. Stat. art. 5069-3A.004(a), the maximum rate of interest is ten percent per year, except as otherwise fixed by law; under Tex. Rev. Civ. Stat. art. 5069-3A.005(a), any consumer loan providing for a rate of interest greater than ten percent per year is subject to Chapter Tex. Rev. Civ. Stat. art. 5069-3A of the Texas Credit Title and Chapter 342 of the Texas Finance Code. Under Tex. Rev. Civ. Stat. art. 5069-3A.101 and § 342.001, Tex. Fin. Code, only an authorized lender may make a loan at a rate of interest greater than ten percent per year. Defendants make loans at a rate of interest greater than ten percent per year and are not authorized to do so. Under art. 16, § 11 of the Texas Constitution, Chapter Tex. Rev. Civ. Stat. art. 5069-3A of the Texas Credit Title and Chapter 342, Tex. Fin. Code, such loans are usurious. Under Chapter 349, Tex. Fin. Code, Defendants are thus liable to every borrower charged with usurious interest for

(a)    twice the amount of interest and deferment charges contracted for, charged, or received, § 349.001; plus

(b)    all the principal or principal balance, as well as all interest, and other charges, § 349.002.

12.    Usurious contracts are contrary to public policy and are void. Defendants' attempt to enforce these contracts, including threats of criminal prosecution, are unlawful under Chapter 392 of the Texas Finance Code.

13.    Under § 392.404(a), Tex. Fin. Code, a violation of Chapter 392 is a deceptive trade

practice under the Texas Deceptive Trade Practices Act, therefore, the Defendants' attempts to enforce these contracts, including threats of criminal prosecution, are a violation of the Texas Deceptive Trade Practices Act Tex. Bus. & Com. Code §§ 17.41 *et seq.*.

### The Defendants' Operation

14.    The Defendant, CHECKNET, INC., is a California Corporation, that owns and/or grants agency agreements to operate personal credit facilities in certain Circle K convenience stores throughout the State of Texas.

15.    In addition the Defendant, CHECKNET, INC. makes small loans in at least three other states, Oregon, Tennessee and Minnesota.

16.    The Defendants operates at least five locations in Corpus Christi, Nueces County, Texas in Circle K convenience stores under the assumed name of CONVENIENT CHECK CASHING which maintains locations at 3042 South Port Avenue; 5555 Up River Road; 701 North Staples Street; 9602 Four Bluff Drive; 3955 HWY 77; and 4444 Weber Road.

17.    The Defendant, CHAD MIRAGLIA, is the President of CHECKNET, INC. that claims to be the owner of the CONVENIENT CHECK CASHING.

18.    The Defendant, DOUGLAS P. PURCELL, is an individual that operates the CONVENIENT CHECK CASHING locations in Corpus Christi, Nueces County, Texas and claims to be the Chairman of CONVENIENT CHECK CASHING.

19.    All of the Defendants are acting together to make Cash Advances available to make Cash Advances available to residents in the State of Texas.

20.    DOUGLAS P. PURCELL is either a partner or joint venturer with or an Agent for CHECKNET, INC. and/or CHAD MIRAGLIA in the Cash Advance business in the State of Texas.

21.     The Defendants advertise in Southwestern Bell Yellow Pages that they make Cash Advances.  A true and correct copy of its 1999 Advertisement in the Corpus Christi Directory is attached to this complaint as Exhibit "A" and is incorporated as part of the facts of this complaint.

22.     The Defendant, CHECKNET, INC. has not registered as a foreign corporation with the Secretary of State of Texas as a foreign corporation doing business in Texas.

23.     The Defendant, CONVENIENT CHECK CASHING has not registered its business with the Secretary of State for the State of Texas.

24.     Neither of the Defendants, CHECKNET, INC. nor CONVENIENT CHECK CASHING have registered their assumed names with the Secretary of State for the State of Texas.

25.     The Defendants have not registered their assumed names in Nueces County, Texas.

26.     The Defendants are not licensed to make loans in the State of Texas.

27.     Even if Defendants were licensed to make loans in Texas, they would be charging usurious interest, no matter what kind of license they had,  no matter what they called their loans, and no matter what they called their interest charges.

28.     Defendants operate a "payday loan," or "deferred presentment" loan business, and Defendants charge customers interest at the rate of 469% per annum.

29.     Defendants will make a Payday loan for a charge of $18 for each $100 advanced on a check written by a customer. The Defendants agree to hold the check up to fourteen days before they will cash the customers check.

30.     At the end of each fourteen day period the customer has an option of allowing the Defendants to present the check or the Customer may renew the advance for another fourteen

days by paying the Defendants a charge of $18 for each $100 that was advanced for another fourteen day period.

31.     It is uncommon that a customer will want his checks deposited after fourteen days; most customers pay the Defendants for "renewals" at the rate of $18.00 per $100.00 owed, every fourteen days, for several such renewal periods.

32.     The customers are not limited in the number of times that they renew the fourteen day  period that the Defendants will hold the checks made for advances as long as the customer will pay $18 for each  $100 advanced for each fourteen day period.

33.     The Defendants did not and will not accept customers' checks in amount greater than $118 for cash advances, which represented each $100 advanced plus the $18 fee.  If a customer received a $300 advance then the customer would be  required to issue three checks for $118 each.

34.     The Defendants do not present any disclosures to their customers at the time that the advances are being made as required by 15 U.S.C. 1601 *et. seq.* (The Federal Truth in Lending Act ("TILA")).

### *The Reality: The Defendants Loans Money*

35.     Since the reason that people patronize Defendants' facilities is that they are currently short of money, they often do not have funds in their bank accounts to cover the checks written to Defendants when the checks are written.  Customers needing to postpone deposit of their cash-advance repayment checks are thus easily induced to "renew" their deals, after fourteen days, by paying less in cash than the amount of checks that would be deposited.  Every fourteen days, the customer chooses whether to pay Defendants $18.00 in cash or have Defendants

deposit a check for $118.00 for each $100 advance. Thus, in the short term, since $18.00 is less than $118.00, a customer is lulled into paying Defendants 469% interest.

36. The charge required for a cash advance, $18.00 per $100.00, for 14 days of forbearance in cashing each of the customer's $100.00 checks, amounts to [18 / 14 X 365 = 469.28571] 469% interest per year. Each "renewal" is actually an interest payment at 469% percent, grossly usurious under any reading of the law.

37. In addition, Defendants assess an "NSF" charge of $25.00 for each check returned from the customers' bank unpaid. Because no check is for more than $118.00, Defendants usually have several checks from each customer. Defendants deposit their customers' checks when the customers are unable to "renew" their deals by paying Defendants more money for renewal The return check fees are added to the customers' debt. It costs the customer less for a renewal than for a bad check fee.

### Unfair Debt Collection

38. The threat of criminal prosecution hangs over the Defendants' customers, beginning with the signs that the customers encounter when they obtain cash advances warn of criminal prosecution for non sufficient funds checks.

39. When a customer decides not to renew their advances, the Defendant deposits the customer's checks.

40. When a customer's check does bounce, as often occurs, Defendants contact the customers and threaten prosecution and collection.

41. As an example, a customer who receives a cash advance of $100.00, pays the initial $18.00 fee, and "renews" three times for $18 each, would thus be subject to prosecution if

his $100.00 check were returned, even though he had paid Defendants [$18.00 + $18.00 + $18.00 + $18.00 =] $72.00 in interest for the use of $100.00 for [14 X 4 =] 56 days. (This is approximately 469% interest on an annual basis, not including the NSF charges that Defendants add to the customer's total debt.)

42.     Defendants' customers do not violate § 32.41, Tex. Pen. Code when they write checks under the circumstances described above, even if their checks are returned NSF. Therefore, the threat of criminal prosecution is a violation of § 392.301(a), Tex. Fin. Code, (the Texas Debt Collection Practices Act), which prohibits

(2)     accusing falsely or threatening to accuse falsely a person of fraud or any other crime,

(6)     threatening to file a charge, complaint, or criminal action against a debtor when the debtor has not violated a criminal law, and

(8)     threatening to take an action prohibited by law.

43.     Defendants also violate § 392.304(a)(8) of the Texas Debt Collection Practices Act by misrepresenting the character, extent, or amount of a consumer debt. Defendants' "courtesy calls," made for the purpose of inducing customers to bring in more money to make payments on usurious loans, as well as their collection attempts threatening prosecution, are attempts to make customers to pay for loans on which, under Texas law, the customers are not liable. Usurious loans are against public policy, void, and unenforceable. Therefore, Defendants' efforts to collect "renewal" payments, as well as their demands for customers to "pay down" their accounts, are attempts to collect debts that are not due and are thus misrepresentations of the character, extent and amount of a consumer debt.

_____

### *Facts Specific to the Plaintiff, George Rodriguez*.

44.    The Plaintiff first contacted the Defendants for the purpose of obtaining cash advance on or about April 19, 1996. The Defendants commenced charging the Plaintiff $18 for a fourteen day for every $100 advanced on August 29, 1996. The Plaintiff has obtained over fifty cash advances from the Defendants between August 29, 1996 and June 3, 1999 in which the Defendants charged him 469% interest on each of these advances.

45.    In addition he obtained three other Cash advances from the Defendants on April 19, 1996, May 23, 1996 and July 22, 1996 for which he was charged 331% interest. requesting and receiving certain information from the Plaintiff, the Defendants agreed to make the loan in the principal amount of $100.

46.    On June 6, 1999, the Plaintiff obtained an accounting of his cash advances from CHECKNET, INC. which is attached as Exhibit "B" and made a part of the facts hereof.

47.    The Defendants charged the Plaintiff the sum of $18 for the use, forbearance and/or detention of the $100 for each cash advance for each period of fourteen days commencing August 29, 1996 through June 3, 1999.

48.    It was necessary for the Plaintiff to renew the advances at the end of the initial fourteen (14) day periods. In order to renew the cash advances, the Plaintiff was charged the sum of $18, by the Defendant, to renew the advances for an additional fourteen (14) day period.

49.    The Defendants would require the Plaintiff to give the Defendants checks to evidence the loan.

50.    The Defendants made no TILA disclosures to the Plaintiff at the time the advances were made or renewed.

---

51.     The Defendants have made no TILA disclosures to the Defendants during the period from August 29, 1996 through June 3, 1999.

52.     On each occasion on which the Plaintiff presented a check to the Defendants for cash advances, it was with the full knowledge of both the Plaintiff and the Defendants that there was not a sufficient sum of money in the Plaintiff's checking account to cover the check in question.  The Defendants agreed to accept the Plaintiff's checks with full knowledge of their insufficiency, at the time of their presentation by the Plaintiff to the Defendants.

53.     The conduct of the Defendants as described above in this complaint and the resulting damage and loss to the Plaintiff has made it necessary for the Plaintiff to retain the services of the attorney whose name is subscribed to this complaint.  The Plaintiff is therefore entitled to recover from the Defendants an additional sum to compensate the Plaintiff for a reasonable fee for such attorney services in the preparation and prosecution of this action as well as a reasonable fee for any and all appeals to other courts.

54.     The Plaintiff seeks to recover all actual damages and/or statutory penalties recoverable as a result of the Defendants' conduct as described herein.

### Class Allegations

55.     This action is brought on behalf of George Rodriguez, and a class, Class A with two sub-classes based upon each of the applicable statutes of limitations.

56.     Class A consists of: (1) all natural persons that are residents of Texas; (2) who entered into a cash advance transaction for primarily for personal, family, or household use; with Defendants in which the Plaintiff was charged $18 per $100 advanced.

a)      Sub-Class A1 consists of all persons who entered into cash advance within one

year prior to the date of the filing this action.

b)    Sub-Class A2 consists of all persons who entered into the cash advance
      transaction within four years prior to the date of the filing this action.

57.    Plaintiff alleges on information and belief, based on the use of the form Cash
Advance Transactions, that the class, Class A, is so numerous that joinder of all members is
impractical.

58.    There are questions of law and fact common to the class and each sub-class.
The common issues predominate over any issues involving only individual class members.
The common issues all involve whether the Cash Advance transactions, complies with various
federal and state laws governing lending practices.

59.    It is anticipated that liability and damages for the above claims of law can be
determined by calculating the amount of the advances paid and the fees charged and the
damages sought are all subject to the Court's determination of statutory damages and fees.

60.    Plaintiff's factual claims are identical to those of the class members. All are
based on the same facts and legal theories.

61.    Plaintiff will fairly and adequately protect the interests of the class.  He has
retained counsel experienced in handling maters involving consumer issues and large classes
of claims.  Neither George Rodriguez nor his counsel has any interests that might cause them
not to vigorously pursue this action.

62.    Certification of a class under Fed.R.Civ.P. 23(b)(2) is appropriate in that the
Defendants have acted on grounds generally applicable to the class thereby making
appropriate declaratory relief with respect to the class as a whole.

63.     Certification of a class pursuant to Fed.R.Civ.P. 23(b)(3) is also appropriate.  A class action is the only appropriate means of resolving this controversy because the class members are not aware of their rights.  In the absence of a class action, a failure of justice will result.

## COUNT I

### *Violations of the Truth in Lending Act*

64.     The Plaintiff, George Rodriguez, incorporates by reference paragraphs 1-59 as if more fully set forth herein.

65.     This Count One is brought on behalf of George Rodriguez and Sub-Class A1 as defined above.

66.     At all times relevant hereto there was in full force and effect the Truth in Lending Act. 15 U.S.C. § 1638(a).

67.     15 U.S.C. § 1638(a) requires the creditor make certain specific and enumerated disclosures to the consumer at the time of the loan.

68.     15 U.S.C. § 1638(b) sets forth the timing of the disclosures and how the disclosures required by 15 U.S.C. § 1638(a) are to be made.

69.     At all times relevant hereto there was in full force and effect the Regulation Z, 12 C.F. R § 226.17.

70.     Regulation Z, 12 C.F. R § 226.17, similarly requires the creditor make certain specific and enumerated disclosures to the consumer at the time of the loan.

71.     The form of the disclosures is set forth in 12 C.F. R § 226.17(a).

72.     The disclosures referred to in 12 C.F.R §226.17 are enumerated specifically in

12 C.F.R §226.18.

73.     Defendant, violated the Truth in Lending Act and Regulation Z in that it did not comply with these requirements in the following ways:

> 1.      It did not make the required disclosures by setting forth conspicuously and segregated from all other terms, data, or information provided in connection with a transaction. 15 U.S.C. § 1638(b)(1) and 12 C.F.R §226.17;
>
> 2.      By failing to properly provide the identity of the creditor to the transaction. 15 U.S.C. § 1638(a)(1) and 12 C.F.R § 226.18(a)
>
> 3.      by failing to properly include a statement in the federal disclosure box informing the consumer as to the cost that may be imposed by the creditor solely on account of a late payment, other than a deferral or extension of credit. 15 U.S.C. § 1638a(10) and 12 C.F.R § 226.18(l);
>
> 4.      by failing to properly include a statement in the federal disclosure box informing the consumer as to whether he is entitled to a rebate of any finance charge upon refinancing or prepayment in full pursuant to acceleration or otherwise. 15 U.S.C. § 1638a(11) and 12 C.F.R § 226.18(k);
>
> 5.      by failing to properly include a clear and conspicuous statement in the federal disclosure box informing the consumer that they should refer to appropriate contract documents for any information such

CMPDF - www.fastio.com

documents provide about nonpayment, default, the right to accelerate

the maturity of the debt, and prepayment rebates and penalties. 15

U.S.C. § 1638a(12) and  12 C.F.R § 226.18(k);.

74.    In fact, the Defendants made none of the required disclosure pursuant to the

Federal Truth in Lending Act.

75.    By reason of the aforesaid violations of the Truth in Lending Act, Defendants

are liable to Plaintiff, George Rodriguez, and members of Sub-Class A1 for statutory damages,

attorneys fees and costs in accordance with 15 U.S.C. § 1640.

WHEREFORE, Plaintiff, George Rodriguez, respectfully requests that this Court enter

judgment in favor of himself and Sub-Class A1 and against Defendants and award damages

as follows:

1)    award the maximum statutory damages available under the law in accordance
with 15 U.S.C. § 1640(a)(2);

2)    award Plaintiff costs and reasonable attorneys fees in accordance with 15
U.S.C. § 1640;

3)    declaratory relief pursuant to 28 U.S.C. § 2201 and 2202, declare that the
Defendants have violated the Truth in Lending Act and enjoin the Defendants from further
violations;

4)    award such other relief as the court deems appropriate.

### COUNT TWO

### *Violations of the Texas Finance Code Chapter 342*

76.    The Plaintiff incorporates by reference paragraphs 1-59 as if more fully set forth

herein.

---

CtxPDF - www.fastio.com

77.     This Count two is brought on behalf of George Rodriguez and <u>Sub-Class A2</u> as defined above.

78.     Under § 342.001, Tex. Fin. Code,

    (a)     Only an authorized lender may:

        (1)     engage in the business of making, transacting, or negotiating loans with cash advances less than or equal to the amount computed under Subchapter C, Chapter 341, using the reference amount of $2,500 [1]; and

        (2)     contract for, charge, or receive, directly or indirectly, in connection with a loan described by Subdivision (1), charges, including interest, compensation, consideration, or other expenses, authorized under this chapter that in the aggregate exceed the charges authorized under other law.

    (b)     A person may not use any device, subterfuge, or pretense to evade the application of this section.

79.     Under Tex. Rev. Civ. Stat., art. 5069-3A.101,

    (a)     A person must hold a license issued under this chapter [Chapter Tex. Rev. Civ. Stat. art. 5069-3A, Consumer Loans] to:

---

[1] See Texas Credit Letter, published by the Commissioner  March 24, 1998, Vol. 17, No. 39: "The amounts of brackets in Tex. Rev. Civ. Stat. Ann. art. 5069-3A.301(a) (Vernon's 1997) are changed to $1,380.00 and $11,500.00 respectively."   The $2,500.00 reference amount in art. 5069-3A.301(a)(1), analogous to Tex. Fin. Code, § 342.001(a)(1), changes to **$11,500.00.**

---

        (1)     engage in the business of making, transacting, or negotiating loans subject to this chapter; and

        (2)     contract for, charge, or receive, directly or indirectly, in connection with a loan subject to this chapter, a charge, including interest, compensation, consideration, or another expense, authorized under this chapter that in the aggregate exceeds the charges authorized under other law.

    (b)    A person may not use any device, subterfuge, or pretense to evade the application of this article.

80.    Under Tex. Rev. Civ. Stat. art. 5069-3A.005,

    (a)    A loan is subject to this chapter if the loan:

        (1)     provides for interest in excess of 10 percent per year;

        (2)     is extended primarily for personal, family, or household use;

        (3)     is not secured by a lien on real property; and

        (4)     is made by a person engaged in the business of making, arranging, or negotiating those types of loans.

81.    Under Tex. Rev. Civ. Stat. art. 5069-1D.201,

    (a)    A loan for which the rate is authorized under this chapter is subject to Chapter Tex. Rev. Civ. Stat. art. 5069-3A if the loan is:

        (1)     extended primarily for personal, family, or household use and not extended for a business, commercial, investment, agricultural, or other similar purpose;

---

CImPDF - www.fastio.com

      (2)      not secured by a lien on real estate; and

      (3)      made by a person engaged in the business of making or negotiating those types of loans.

    (c)    A person engaged in the business of making loans described by Subsection (a) or (b) must obtain a license under Chapter Tex. Rev. Civ. Stat. art. 5069-3A unless the person is:

      (1)      a bank, savings bank, or savings and loan association; or

      (2)      an insurance agent licensed under Art. 21.14, Insurance Code....

82.    Under Tex. Rev. Civ. Stat. art. 5069-3A.102(b),

    (b)    A person who is required to hold a license under this chapter must hold a separate license for each office at which loans are made, negotiated, or collected under this chapter.

83.    Under Tex. Rev. Civ. Stat. art. 5069-3A.004,

    (a)    Except as otherwise fixed by law, the maximum rate of interest is 10 percent per year.

    (b)    A loan providing for a rate of interest that is 10 percent per year or less is not subject to this chapter [Chapter Tex. Rev. Civ. Stat. art. 5069-3A, Texas Credit Title].

84.    Under Tex. Rev. Civ. Stat. art. 5069-1B.002,

    (a)    In this subtitle [Subtitle One - Interest],

CM-PDF - www.fastio.com

(3)     "**Creditor**" means a person who loans money or otherwise extends credit.  The term "creditor" does not include a judgment creditor.

(4)     "**Interest**" means compensation for the use, forbearance, or detention of money.  The term "interest" does not include time price differential, regardless of how it is denominated.

(8)     "**Legal interest**" means interest charged or received in the absence of any agreement by an obligor to pay contract interest. The term "legal interest" does not include judgment interest.

(10)    "**Loan**" means an advance of money that is made to or on behalf of an obligor, the principal amount of which the obligor has an obligation to pay the creditor.  The term "loan" does not include a judgment.

(13)    "**Obligor**" means a person to whom money is loaned or credit is otherwise extended.  The term "obligor" does not include:

      (A)     a judgment debtor; or

      (B)     a surety, guarantor, or similar person.

(18)    "**Usury**" or "**usurious interest**" means interest that exceeds the applicable maximum amount allowed by law.

(b)     These definitions shall be liberally construed to accomplish the purposes of this subtitle.

---

85. The Defendants advance money to their customers, the principal amount of which their customer-obligors have an obligation to repay Defendants. Under Tex. Rev. Civ. Stat. art. 5069-1B.002(a)(10), these cash advance transactions are therefore "loans."

86. Subtitle Two of the Texas Credit Title, dealing with Consumer Credit, contains Tex. Rev. Civ. Stat. art. 5069-3A.101(b), which states,

> (b) A person may not use any device, subterfuge, or pretense to evade the application of this article.

87. To figure the effective rate of interest contracted for, charged, or received on a consumer loan, one must first look to Tex. Rev. Civ. Stat. art. 5069-3A.002 to see which computation method to use. The two methods which are statutorily authorized are the scheduled installment earnings method and the true daily earnings method. Transactions involving a term of less than thirty days will use only the true daily earnings method to calculate the effective rate of the loan.

88. The true daily earnings method and the "actuarial method" described in Tex. Rev. Civ. Stat. art. 5069-1C.001(c) are the same. Regardless whether the Defendants transactions are covered by Tex. Rev. Civ. Stat. art. 5069-3A, the two methods yield the same result.

89. The rate calculation according Tex. Rev. Civ. Stat. art. 5069-1C.001(c), is as follows:

> (c) To determine the interest rate of a loan under this subtitle [Subtitle One - Interest], all interest at any time contracted for shall be aggregated and amortized using the actuarial method during the stated term of the loan.

90.    Texas pawn shops are authorized (Chapter 371, Tex. Fin. Code) to charge up to 20% per month, for an effective interest rate of 240% per year.  Defendant, unlicensed to do any kind of consumer finance, charges 469% interest for its cash advances.

91.    Subchapters E and F of Tex. Rev. Civ. Stat. art. 5069-3A in the Texas Credit Title authorize alternative rates for consumer loans, but these rates apply only to authorized lenders and, in any case, do not approach 469%, the rate charged by Defendants.

92.    By engaging in the above described conduct, Defendants are violating the following laws:

(a)    § 342.001(a), Tex. Fin. Code,  by making cash advance loans for more than 10% interest without being an authorized lender;

(b)    § 342.001(a), Tex. Fin. Code,  by making loans for greater than 10% interest;

(c)    Tex. Rev. Civ. Stat. art. 5069-3A.101(a), by making cash advance loans for more than 10% interest without being an authorized lender;

(d)    Tex. Rev. Civ. Stat. art. 5069-3A.101(a), by making cash advance loans for more than 10% interest;

(e)    § 342.001(b), Tex. Fin. Code,  for using the misleading pretenses to disguise the fact that they are making loans at usurious interest rates; and,

(f)    Tex. Rev. Civ. Stat. art. 5069-3A.101 for using the misleading pretenses to disguise the fact that they are making loans at usurious interest rates.

93.    As the results of all the above and foregoing, the Defendants have contracted for, charged and/or received interest greater than in the amount authorized by law.  The Defendants are therefore liable to the Plaintiff for twice the amount of interest contracted for charged and/or received and reasonable attorney fees.

94.    As a further result of the above and foregoing, the Defendants have contracted for, charged and/or received interest in excess of double the total amount of interest allowed by law.  The Plaintiff is therefore entitled to recover from the Defendants, as an additional penalty, all principal or principal balance and interest charged and reasonable attorney fees.

### COUNT THREE

### *Violation of Texas Debt Collection Act - Texas Finance Code Chapter 392*

95.    The Plaintiff incorporates by reference paragraphs 1-47 as if more fully set forth herein.

96.    This Count One is brought on behalf of George Rodriguez and Sub-Class A2 as defined above.

97.    The Plaintiff would further show that the Defendants, at all pertinent times hereto,  a debt collector as defined by law and that the Defendants have violated one or more provisions of all applicable laws relating to the collection of debts.  Without, in any matter, limiting the above, the Plaintiff would show that the Defendants made false, deceptive or misleading representations and/or used unfair or unconscionable means in the collection of a debt.

---

98.     Because of the foregoing acts the Plaintiff is entitled to recover his actual

damages including mental anguish, exemplary damages, his reasonable attorney fees and the

cost of this cause.

99.     Under § 392.404(a), Tex. Fin. Code, a violation of Chapter 392 is a deceptive

trade practice under the Texas Deceptive Trade Practices Act.

### COUNT FOUR

### *Defendants violations are Deceptive Trade Practices*

100.    The Plaintiff incorporates by reference paragraphs 1-47 as if more fully set forth

herein.

101.    This Count One is brought on behalf of George Rodriguez and Sub-Class A2 as

defined above.

(1)     § 17.46(b)(5) of the DTPA, by representing that the cash advances

made to Defendants' customers are not loans and are therefore not subject to usury and other

consumer credit laws;

(2)     § 17.46(b)(5) of the DTPA, by representing, directly or by implication,

that they are authorized to engage in the business of making consumer loans when in fact

they are not so authorized, and thereby representing that they have sponsorship, approval,

status, affiliation or connection which they do not have;

(3)     § 17.46(b)(12)of the DTPA by representing that the cash advances

made to Defendants' customers are not loans and are therefore not subject to usury and other

consumer credit laws;

(4)     § 17.46(b)(12)of the DTPA by representing that the loan contracts Defendants make with their customers are valid, enforceable agreements when in fact they are not;

and,

(5)     § 17.46(b)(23) of the DTPA by failing to disclose that the cash advance loans made by Cash Today have an effective annual interest rate of 469%.

**WHEREFORE**, Plaintiff, George Rodriquez, acting as a private attorney general, under this Count, request on behalf of himself and others similarly situated that this Honorable Court upon trial of this cause grant :

1.     A permanent injunction, enjoining  the Defendants from making consumer loans, as defined by Texas law, without being licensed as authorized lenders.

2.     A permanent injunction, enjoining  the Defendants from making consumer loans, as defined by Texas law, at any rate of interest that is usurious.

3.     A permanent injunction, enjoining  the Defendants from falsely threatening to accuse Defendants customers of fraud or other crimes.

4.     A permanent injunction, enjoining  the Defendants from threatening to file charges, complaints, or criminal actions against customers who have not violated any criminal laws.

5.     A permanent injunction, enjoining  the Defendants from misrepresenting their customers' "debts" as enforceable.

6.     A permanent injunction, enjoining  the Defendants from collecting, or attempting to collect, by whatever manner or means, including the filing of civil claims, on any obligation

arising from the advance of money or a consumer loan made by Defendants while they were not authorized lenders or not licensed to make consumer loans.

7.      A permanent injunction, enjoining the Defendants from collecting or attempting to collect, by whatever manner or means, including the filing of civil claims, or criminal charges or complaints, on a dishonored check already in Defendants' possession, custody, or control, obtained by Defendants in return for making a cash advance, consumer loans.

8.      A permanent injunction, enjoining the Defendants from representing, directly or by implication, that Defendants are authorized to make advances of money or consumer loans in Texas, for more than ten percent interest as defined by Texas law, unless and until Defendants are licensed to make consumer loans in Texas.

9.      A permanent injunction, enjoining the Defendants from misrepresenting their business by claiming that they do not make loans and do not charge interest.

10.     A permanent injunction, enjoining the Defendants from asking any customer to sign any agreement which purports to waive rights a customer has under the Texas Finance Code.

11.     A permanent injunction, enjoining the Defendants from charging, receiving, or contracting for any money that is in any way related to a cash advance or to any transaction defined under Texas law as a "loan" until and unless any such defendant obtains a license to be an authorized lender.

12.     A permanent injunction, enjoining the Defendants from failing to disclose the effective annual interest rate charged on any loan made by Defendants to any consumer.

---

## Request for Relief

WHEREFORE, the Plaintiff respectfully requests that the Defendants be cited to appear and answer and that upon final trial the Plaintiffs, George Rodriguez, and all others similarly situated, recover all relief requested herein, and/or to which they are otherwise entitled from the Defendants, jointly and severally, that a jury try this cause and without, in any manner, limited such request, that the Plaintiffs recover the following:

1.      All actual and/or economic damages sustained as the result of the action of the Defendants and that the Defendant be required to restore any money or property which it may have acquired by means of any unlawful act or practice.;

2.      Any and all statutory penalties and/or additional damages pursuant to any statute violated by the Defendants;

3.      Attorney fees together with conditional awards in the event of an appeal;

4.      Court costs;

5.      Such other and relief, both at law and in equity, both general and special, to which the Plaintiff may be justly and legally entitled.

Respectfully submitted,

James T. McMillen
SBN: 13800250
S.D. Tex. ID# 354
801 Ayers
Corpus Christi, Texas 78404-1914
Tel: (361) 887-7200/ Fax: (361) 887-6006
*Attorney in Charge for*
GEORGE RODRIGUEZ
on behalf of himself and
all other similarly situated

Plaintiff's Complaint - Page 27 of 27

Case 2:99-cv-00250   Document 1   Filed on 07/01/99 in TXSD   Page 28 of 35

www.smartpages.com your online directory from SBC Interactive

## CONVENIENT $ CHECK CASHING
### (inside Selected Circle K's)

BBB
MEMBER
COASTAL BEND

**Most Checks Cashed • Money Orders • Money Gram • Fax**
**Phone Cards • Photo ID • Cash Advance • Comcheck • Water/Gas Payments**

## MoneyGram
### THE BETTER WAY TO WIRE MONEY

1. 701 N Staples
Leopard/Staples
**888-7908**

2. 3042 S. Port
Port/Tarlton
**882-3022**

3. 9602 Fl Bluff Dr
Fl. Bluff/SPID
**939-9828**

4. 3955 Hwy 77
S 5 Points
**387-8302**

5. 5555 Up River Rd
Up River/Manchester
**299-1398**

6. 4444 Weber
Weber/Gollihar
**\*852-5046**

### WE CASH ANY TYPE OF CHECKS
### OPEN MON–SAT • SUN\*

---

## CHAPELS
See Churches
Wedding Chapels & Ceremonies
Wedding Consultants

### Charts

BAKER LYMAN & CO INC
Nautical Charts & Maps
8676 Golf Frwy Suite 110 Houston Tx 77017
Toll Free Dial "1" ..........800-527-3154

### Check Cashing Serv

**ACE AMERICA'S CASH EXPRESS**
Cash in at our convenience.
Checks Cashed
Insurance Checks Cashed
Tax Refund Checks Cashed
MoneyGram Wire Transfer
Money Orders • Phone Cards
FAX Service / Utility Payments

**ACE AMERICA'S CASH EXPRESS**
Corpus Christi
5634 Weber Rd ....................225-4615
5425 S Padre Island Dr ........991-9206
3504 Leopard St ..................883-4205
Kingsville
727 South 14th St Kingsville ....592-3131

AD'S SERVICES 5202 Weber Rd ........851-0638
CASH FOR YOU LEASING 3765 S Alameda St ....855-2581
CASH TODAY 1801 Staples St ........853-7637
CASH TODAY 4925 Everhart Rd ........855-3048
CASH TODAY 1801 S Staples St ........879-0171

**What is different about your business?**
What do you have to offer? Why should
people call you? Give customers the
answers to their buying questions.
Attract their attention in Swyp's, the
Southwestern Bell Yellow Pages.

### CONVENIENT CHECK CASHING
5555 Up River Rd ................299-1398
9602 S Padre Island Dr ..........939-9828
3042 S Port Av ..................882-3022
701 N Staples St .................888-7908
4444 Weber Rd .................852-5046
4444 Weber Av ..................852-5046
**\*SEE DISPLAY AD This Page**

### MONEY BOX THE



## The Money Box
### Checks Cashed 1%

ONE HOUR CASH 4639 Corona Dr ........855-4487
TEXAS LOAN 4250 Ayers St ............852-5001

*Some businesses
may include such words
as "guarantee", "authorized",
"certified", "accredited",
as part of their firm name.
These may not be intended
to imply a specific authorization,
certification or accreditation
in connection with their business.
If in doubt, ask the business
or company for details.*

---

**USA CHECK**
**ALL TYPes OF CHECKS** **\*USA\***
**WESTERN UNION**

**MONEY ORDERS • UTILITY BILLS • LOTTERY**

**\*SEE DISPLAY AD This Page**

**USA CHECKS CASHED**
BOB4 Airline ....................993-7736
4130 Ayers St ..................857-0131
5145 Everhart Rd ...............855-5491
3765 Leopard St ................888-9415
5858 South Padre Island Dr ....992-9800
5488 Padre Staples Mall ........993-4002
1305 S Port Av ..................882-1205
3216 S Port Av ..................883-2274

### Check Payment Systems
AUTOMATED PAYMENT SERVICES
4524 Mountasis Ridge Dr ..............850-7233

### Check Protection, Signing & Endorsing Equip
CHECKWRITER SERVICES INC P O Box 8036 ......851-0182
FINANCIAL BUSINESS MACHINES
• TABLE TOP SIGNERS/HI SPEED SIGNERS
• FORMS BURSTER/SIGNER • DECOLLATORS
• CHECK PROTECTORS • MICR ENCODERS
Call ..........................1-800-374-9271

### Check Recovery & Verification
C E D C 6000 S Padre Island Dr ........993-9370
**CHECK-RITE OF CORPUS CHRISTI**
SERVING SOUTH-TEXAS SINCE 1983
6000 S Padre Island Dr ..........993-9370
CORPORATE RECOVERY SERVICES
700 Everhart .....................857-7297
PROFESSIONAL RECOVERY 317 Peoples St ....884-3701
TELECHECK
Toll Free-Dial "1" & Then ......800 733-3400

### Checks-Printing
COASTAL BUSINESS FORMS ..............882-1964
SOUTH TEXAS FORMS ..................883-9550

### Cheerleading
MARY JANE'S GYMNASTIC TRAINING CENTER INC
8102 Jase St ......................814-0042

### Chemical Cleaning-Industrial
AFFIRMED MEDICAL FIRST AID & SAFETY ....881-0837
HYDROCHEM INDUSTRIAL SERVICES INC
122 Hermant St ..................289-6961
MENACHEM INDUSTRIAL County Road 48 ....387-0042
SECCO INC
SPECIALIZED EQUIPMENT & CHEMICAL CO
ALEXOTA STEAM CLEANERS
3411 Com Products Rd ............289-1722
Fax Line ........................289-1544
**TEXAS ENVIRONMENTAL**
50 Garrett Rd Ingleside Tx ..........776-3100

### Chemicals
ADVANCE SCIENTIFIC & CHEMICAL INC
2345 SW 34th St Ft Lauderdale Fl
Toll Free-Dial "1" & Then ......800 524-2436
AIR LIQUIDE AMERICA CORP 5880 Up River Rd ...299-2999
ANALYTICAL SCIENTIFIC OF SAN ANTONIO
11049 Bandera San Antonio Tx
Toll Free-Dial "1" & Then ......800 364-4747
AQUA SOLUTIONS INC
LABORATORY CHEMICALS & SOLUTIONS
6913 Hwy 225
Toll Free-Dial "1" & Then ......800 258-2586
ASSOCIATED POOLS OF CORPUS CHRISTI
**SWIMMING POOL CHEMICALS**
3510 S Padre Island Dr ...........854-1141
BAKER PETROLITE
5901 U S Hwy 59 N
Toll Free-Dial "1" & Then ......800 880-6793
BETZ PROCESS CHEMICALS INC
2209 N Padre Island Dr ..........299-1355
DIETZGEARBORN 5900 Up River Rd ......289-1828
CELANESE LTD
Corpus Christi Technical Center
1901 Chemmond Rd ...............242-4000
CERTIFIED POOL & SPA SPECIALISTS
5412 Williams Dr ................993-7727

---

COASTAL CHEMICAL CO INC
900 Piranha Rd Portland Texas
DPC INDUSTRIES INC
5245 Sunland County Rd
DU PONT DE NEMOURS E I
ELEMENTS CHROMIUM LP 5000

**ENVIROSOL**
STRENGTH
MAINTENANCE
SPILL CONTROL
Call ..........................

HITOX CORPORATION OF AMERICA
Sales & Manufacturing N Lab 7201
HITOX CORP OF AMERICA 722 Industrial
HITOX CORP OF AMERICA 722 Industrial
RIALTO CHEMICAL COMPANY
Refinery Process Chemicals 4440
OCCIDENTAL CHEMICAL CORP Petrochemical

**SOUTHWEST SOLVENTS & CHEMICALS**
**A COMPLETE LINE OF INDUSTRIAL CHEMICALS & SOLVENTS**
**CUSTOM BLENDING, PACKAGE EXPORT SHIPMENTS**

**SOUTHWEST SOLVENTS & CHEMICALS**
409 McCampbell Rd
SOUTHWEST SOLVENTS & CHEMICALS 409 McCampbell Rd
Toll Free-Dial "1" & Then ......800

SOUTHWEST SOLVENTS & CHEMICALS
409 McCampbell Rd
SOUTHWEST SOLVENTS & CHEMICALS
115 N Part Av
**VALLEY SOLVENT CO**
COMPLETE LINE OF INDUSTRIAL CHEMICALS
8215 Up River Rd
**VAN WATERS & ROGERS INC**
402 McBride Ln
WESKEN-HALL INC 403 Industrial Blvd Robstown
WESTERN PIGMENTS & MINERALS INC
711 N Carancahua St
ZEP MANUFACTURING CORP 4801 Baldwin
ZEP MANUFACTURING CORP 4801 Baldwin

### Chemicals-Hauling
See Trucking-Liquid Or Dry Bulk

### Chemicals-Reclaim
VAN WATERS & ROGERS INC 402 McBride Ln

### Chemists-Analysis Consulting
ANALYSYS INC
Fax Line 2209 N Padre Island Dr
2209 N Padre Island Dr

### Child Abuse Information Treatment Center
CHILD ABUSE PREVENTION COUNCIL OF SOUTH
NUECES COUNTY CHILDRENS ADVOCACY CENTER
922 Mcclendon St

### Child & Adolescent Guidance Counselors
ALLEN ANDRA J 6400 S Staples St
ALVAREZ SANDRA LPC 5535 S Staples St
BARKER CATHY MS LPC 5535 S Staples
BAY AREA CARE CENTER INC 5230 Kostoryz Rd
BRICKMAN BARBARA JI PHD 6000 S Staples St
CAMPBELL REBECCA K MA LMFT 3833 S Staples S
**CHARTER BEHAVIORAL HEALTH SYSTEM OF CORPUS CHRISTI**
3126 Rodd Field Rd Corpus Christi
DICKSON JUDY MS LPC LMFT LCDC COUNSELING
721 Texan Tr
**FAMILY COUNSELING SERVICE**
SEE AD MARRIAGE & FAMILY COUNSELORS
3833 S Staples St
FROST ANGELA M PHD LPC BCETS 3833 S Staples
HAMMERICK NOREEN MA LPC LMFT
4234 Weber Rd
KIZERIAN GERALD O 3866 S Staples St
LOE-DEL GROUP INC 4639 Corona Dr
LOE-DEL GROUP INC 4639 Corona Dr
MIMS ROBERT W 4640 Corona Dr
**MOORMAN CAROLYN MA LPC**
Children, Adolescents, Family Play
Medicaid • Most Insurance Acc
5934 S. Staples

listings are continued on next

EXHIBIT A

# *Checknet, Inc*

675 Ygnacio Valley Road, Suite B#104
Walnut Creek, CA 94596
Phone: (800) 683-9683   Fax: (800) 944-8324

**FACSIMILE TRANSMITTAL SHEET**

To: George Rodriguez   From: Patricia

Company: Checknet   Date: 6-9-99

Re:   Pages: 7

☐ Urgent  ☑ For Review  ☐ Please Comment  ☐ Please Reply  ☐ Please Recycle

Have a great day! ☺

EXHIBIT **B**

Case 2:99-cv-00250 Document 1 Filed on 07/01/99 in TXSD Page 30 of 35

*most recent to oldest*

### RODRIGUEZ'S PRA HISTORY

| DATE | NUMBER | RATE | RECEIVED | DEPOSIT | BANK | TLR | AMOUNT | NOTES | S# |
|------|--------|------|----------|---------|------|-----|--------|-------|-----|
| 06/03/99 | 8086 | 18.00 | 06/07 | 06/17 | 1 | JLP | 118.00 | | 3 |
| 06/03/99 | 8087 | 18.00 | 06/07 | 06/17 | 1 | JLP | 118.00 | | 3 |
| 06/03/99 | 8088 | 18.00 | 06/07 | 06/17 | 1 | JLP | 118.00 | | 3 |
| 06/03/99 | 8089 | 18.00 | 06/07 | 06/17 | 1 | JLP | 118.00 | | 3 |
| 06/03/99 | 8090 | 18.00 | 06/07 | 06/17 | 1 | JLP | 118.00 | | 3 |
| 06/03/99 | 8091 | 18.00 | 06/07 | 06/17 | 1 | JLP | 118.00 | | 3 |
| 05/14/99 | 8012 | 18.00 | 06/03 | 05/28 J | 0 | HJS | 118.00 | BB CK#1146 | 6 |
| 05/14/99 | 8011 | 18.00 | 06/03 | 05/28 J | 0 | HJS | 118.00 | BB CK#1145 | 6 |
| 05/14/99 | 8010 | 18.00 | 06/03 | 05/28 J | 0 | HJS | 118.00 | BB CK#1144 | 6 |
| 05/14/99 | 8009 | 18.00 | 06/03 | 05/28 J | 0 | HJS | 118.00 | BB CK#1143 | 6 |
| 05/14/99 | 8008 | 9.00 | 06/03 | 05/28 J | 0 | HJS | 59.00 | BB CK#1146 | 6 |
| 04/22/99 | 1142 | 18.00 | 05/14 | 05/14 P | 0 | HJS | 118.00 | BB CK#1830 | 6 |
| 04/22/99 | 1143 | 18.00 | 05/14 | 05/14 P | 0 | HJS | 118.00 | BB CK#0001 | 6 |
| 04/22/99 | 1144 | 18.00 | 05/14 | 05/14 P | 0 | HJS | 118.00 | BB CK#1807 | 6 |
| 04/22/99 | 1145 | 18.00 | 05/14 | 05/14 P | 0 | HJS | 118.00 | BB CK#1809 | 6 |
| 04/22/99 | 1146 | 9.00 | 05/14 | 05/14 P | 0 | HJS | 59.00 | BB CK#1809 | 6 |

Continue? (Y/N)

### RODRIGUEZ'S PRA HISTORY

| DATE | NUMBER | RATE | RECEIVED | DEPOSIT | BANK | TLR | AMOUNT | NOTES | S# |
|------|--------|------|----------|---------|------|-----|--------|-------|-----|
| 04/08/99 | 1830 | 18.00 | 04/22 | 04/22 P | 0 | J E | 118.00 | BB#1801 | 3 |
| 04/08/99 | 0001 | 18.00 | 04/22 | 04/22 P | 0 | J E | 118.00 | | 3 |
| 03/31/99 | 1807 | 18.00 | 04/22 | 04/22 P | 0 | J E | 118.00 | BB#1756 | 3 |
| 03/31/99 | 1808 | 18.00 | 04/22 | 04/22 P | 0 | J E | 118.00 | BB#1757 | 3 |
| 03/31/99 | 1809 | 9.00 | 04/22 | 04/22 P | 0 | J E | 59.00 | BB#1758 | 3 |
| 03/26/99 | 1801 | 18.00 | 04/08 | 04/08 P | 1 | JLP | 118.00 | | 3 |
| 03/17/99 | 1756 | 18.00 | 03/31 | 03/31 P | 0 | J E | 118.00 | | 3 |
| 03/17/99 | 1757 | 18.00 | 03/31 | 03/31 P | 0 | J E | 118.00 | | 3 |
| 03/17/99 | 1758 | 9.00 | 03/31 | 03/31 P | 0 | J E | 59.00 | | 3 |
| 02/01/99 | 1604 | 18.00 | 03/17 | 02/18 J | 0 | B A | 118.00 | | 6 |
| 02/01/99 | 1603 | 18.00 | 03/17 | 02/18 J | 0 | B A | 118.00 | | 6 |
| 02/01/99 | 1605 | 18.00 | 03/17 | 02/18 J | 0 | B A | 118.00 | | 6 |
| 02/01/99 | 1606 | 18.00 | 03/17 | 02/18 J | 0 | B A | 118.00 | | 6 |
| 02/01/99 | 1607 | 18.00 | 03/17 | 02/18 J | 0 | B A | 118.00 | | 6 |
| 01/14/99 | 1191 | 18.00 | 02/01 | 02/01 P | 1 | JLP | 118.00 | B/B #1266 | 3 |
| 01/14/99 | 1192 | 18.00 | 02/01 | 02/01 P | 1 | JLP | 118.00 | B/B #1267 | 3 |

Continue? (Y/N)

### RODRIGUEZ'S PRA HISTORY

| DATE | NUMBER | RATE | RECEIVED | DEPOSIT | BANK | TLR | AMOUNT | NOTES | S# |
|------|--------|------|----------|---------|------|-----|--------|-------|-----|
| 01/14/99 | 1193 | 18.00 | 02/01 | 02/01 P | 1 | JLP | 118.00 | B/B #1270 | 3 |
| 01/14/99 | 1194 | 18.00 | 02/01 | 02/01 P | 1 | JLP | 118.00 | B/B #1268 | 3 |
| 01/14/99 | 1195 | 18.00 | 02/01 | 02/01 P | 1 | JLP | 118.00 | B/B #1268 | 2 |

**EXHIBIT B**

Case 2:99-cv-00250  Document 1  Filed on 07/01/99 in TXSD  Page 31 of 35

```
12/30/98  1267    18.00  01/14    01/14  ✓    1  JLP    118.00  BB#1599         3
12/30/98  1268    18.00  01/14    01/14  ✓    1  JLP    118.00  BB#1598         3
12/30/98  1269    18.00  01/14    01/14  ✓    1  JLP    118.00  BB#1597         3
12/30/98  1270    18.00  01/14    01/14  ✓    1  JLP    118.00  BB#1596         3
12/17/98  1596    18.00  12/30    12/30  ✓    0  JJJ    118.00  10583-      0   0
12/17/98  1597    18.00  12/30    12/30  ✓    0  JJJ    118.00  10584-      0   0
12/17/98  1598    18.00  12/30    12/30  ✓    0  JJJ    118.00  10585-      0   0
12/17/98  1599    18.00  12/30    12/30  ✓    0  JJJ    118.00  10586-      0   0
12/17/98  1600    18.00  12/30    12/30  ✓    0  JJJ    118.00  10587-      0   0
11/05/98  1501    18.00  12/02    12/02  ✓    1  M C    118.00  B/B CH#1457     3
11/05/98  1502    18.00  12/02    12/02  ✓    1  M C    118.00  B/B CK#1456     3
11/05/98  1503    18.00  12/02    12/02  ✓    1  M C    118.00  B/B CK#1455     3
```

Continue? (Y/N)

## RODRIGUEZ'S PRA HISTORY

| DATE | NUMBER | RATE | RECEIVED | DEPOSIT | | BANK | TLR | AMOUNT | NOTES | S# |
|------|--------|------|----------|---------|---|------|-----|--------|-------|-----|
| 11/05/98 | 1504 | 18.00 | 12/02 | 12/02 | ✓ | 1 | M C | 118.00 | B/B CK#1454 | 3 |
| 11/05/98 | 1505 | 18.00 | 12/02 | 12/02 | ✓ | 1 | M C | 118.00 | | 3 |
| 10/13/98 | 1454 | 18.00 | 11/05 | 11/05 | ✓ | 1 | M C | 118.00 | B/B CK# 1168 | 3 |
| 10/13/98 | 1455 | 18.00 | 11/05 | 11/05 | ✓ | 1 | M C | 118.00 | B/BCK#1169 | 3 |
| 10/13/98 | 1456 | 18.00 | 11/05 | 11/05 | ✓ | 1 | M C | 118.00 | B/B #1170 | 3 |
| 10/13/98 | 1457 | 18.00 | 11/05 | 11/05 | ✓ | 1 | M C | 118.00 | B/B #1171 | 3 |
| 10/02/98 | 1406 | 18.00 | 11/05 | 10/16 | ✓ | 0 | RER | 118.00 | BB1393 | 6 |
| 09/28/98 | 1168 | 18.00 | 10/13 | 10/13 | ✓ | 0 | RER | 118.00 | BB1390 | 6 |
| 09/28/98 | 1169 | 18.00 | 10/13 | 10/13 | ✓ | 0 | RER | 118.00 | BB1391 | 6 |
| 09/28/98 | 1170 | 18.00 | 10/13 | 10/13 | ✓ | 0 | RER | 118.00 | BB1392 | 6 |
| 09/28/98 | 1171 | 18.00 | 10/13 | 10/13 | ✓ | 0 | RER | 118.00 | | 6 |
| 09/14/98 | 1393 | 18.00 | 10/02 | 10/02 | ✓ | 1 | CCC | 118.00 | BB1350 | 6 |
| 09/14/98 | 1392 | 18.00 | 09/28 | 09/28 | ✓ | 1 | CCC | 118.00 | | 6 |
| 09/14/98 | 1391 | 18.00 | 09/28 | 09/28 | ✓ | 1 | CCC | 118.00 | | 6 |
| 09/14/98 | 1390 | 18.00 | 09/28 | 09/28 | ✓ | 1 | CCC | 118.00 | | 6 |
| 09/04/98 | 1350 | 18.00 | 09/14 | 09/14 | ✓ | 0 | CCC | 118.00 | | 3 |

Continue? (Y/N)

## RODRIGUEZ'S PRA HISTORY

| DATE | NUMBER | RATE | RECEIVED | DEPOSIT | | BANK | TLR | AMOUNT | NOTES | S# |
|------|--------|------|----------|---------|---|------|-----|--------|-------|-----|
| 08/19/98 | 1127 | 18.00 | 09/04 | 09/02 | ✓ | 1 | JLP | 118.00 | | 3 |
| 08/19/98 | 1128 | 18.00 | 09/04 | 09/02 | ✓ | 1 | JLP | 118.00 | | 3 |
| 08/19/98 | 1129 | 18.00 | 09/04 | 09/02 | ✓ | 1 | JLP | 118.00 | | 3 |
| 08/19/98 | 1132 | 18.00 | 09/04 | 09/02 | ✓ | 1 | JLP | 118.00 | B/B #1106 | 3 |
| 08/19/98 | 1133 | 18.00 | 09/04 | 09/02 | ✓ | 1 | JLP | 118.00 | B/B #1107 | 3 |
| 08/11/98 | 1106 | 18.00 | 08/19 | 08/19 | ✓ | 0 | HJS | 118.00 | BB1082 | 3 |
| 08/11/98 | 1107 | 18.00 | 08/19 | 08/19 | ✓ | 0 | HJS | 118.00 | BB1081 | 3 |
| 07/28/98 | 1081 | 18.00 | 08/11 | 08/11 | ✓ | 0 | CCC | 118.00 | BB CK#1081 | 3 |
| 07/28/98 | 1082 | 18.00 | 08/11 | 08/11 | ✓ | 0 | CCC | 118.00 | | 3 |
| 07/24/98 | 1068 | 18.00 | 08/10 | 08/07 | ✓ | 0 | RER | 118.00 | | 6 |
| 07/24/98 | 1069 | 18.00 | 08/10 | 08/07 | ✓ | 0 | RER | 118.00 | | 6 |
| 07/14/98 | 1048 | 18.00 | 07/28 | 07/28 | ✓ | 0 | CCC | 118.00 | | 3 |
| 07/07/98 | 1039 | 18.00 | 07/20 | 07/20 | ✓ | 1 | HJS | 118.00 | | 3 |
| 07/07/98 | 1040 | 18.00 | 07/20 | 07/20 | ✓ | 1 | HJS | 118.00 | | 3 |
| 07/07/98 | 1041 | 18.00 | 07/20 | 07/20 | ✓ | 1 | HJS | 118.00 | | 3 |
| 07/07/98 | 1042 | 18.00 | 07/20 | 07/20 | ✓ | 1 | HJS | 118.00 | | 3 |

EXHIBIT B

Case 2:99-cv-00250  Document 1  Filed on 07/01/99 in TXSD  Page 32 of 35

Continue? (Y/N)

========================= RODRIGUEZ'S PRA HISTORY =========================

| DATE | NUMBER | RATE | RECEIVED | DEPOSIT | | BANK | TLR | AMOUNT | NOTES | S# |
|------|--------|------|----------|---------|--|------|-----|--------|-------|-----|
| 06/16/98 | 8136 | 18.00 | 06/17 | 07/02 | J | 0 | CCC | 118.00 | | 3 |
| 06/16/98 | 8137 | 18.00 | 06/17 | 07/02 | J | 0 | CCC | 118.00 | | 3 |
| 06/16/98 | 8138 | 18.00 | 06/17 | 07/02 | J | 0 | CCC | 118.00 | | 3 |
| 06/16/98 | 8139 | 18.00 | 06/17 | 07/02 | J | 0 | CCC | 118.00 | | 3 |
| 06/02/98 | 8101 | 18.00 | 06/03 | 06/16 | Ø | 1 | JLP | 118.00 | | 3 |
| 06/02/98 | 8102 | 18.00 | 06/03 | 06/16 | Ø | 1 | JLP | 118.00 | | 3 |
| 06/02/98 | 8103 | 18.00 | 06/03 | 06/16 | Ø | 1 | JLP | 118.00 | | 3 |
| 06/02/98 | 8104 | 18.00 | 06/03 | 06/16 | Ø | 1 | JLP | 118.00 | | 3 |
| 05/19/98 | 8069 | 18.00 | 05/20 | 06/02 | P | 1 | HJS | 118.00 | | 3 |
| 05/19/98 | 8068 | 18.00 | 05/20 | 06/02 | Ø | 1 | HJS | 118.00 | | 3 |
| 05/19/98 | 8067 | 18.00 | 05/20 | 06/02 | Ø | 1 | HJS | 118.00 | | 3 |
| 05/19/98 | 8066 | 18.00 | 05/20 | 06/02 | Ø | 1 | HJS | 118.00 | | 3 |
| 05/04/98 | 8020 | 18.00 | 05/05 | 05/18 | J | 0 | M R | 118.00 | | 3 |
| 05/04/98 | 8023 | 18.00 | 05/05 | 05/18 | J | 0 | M R | 118.00 | | 3 |
| 05/04/98 | 8024 | 18.00 | 05/05 | 05/18 | J | 0 | M R | 118.00 | | 3 |
| 05/04/98 | 8025 | 18.00 | 05/05 | 05/18 | J | 0 | M R | 118.00 | ** | 3 |

Continue? (Y/N)

========================= RODRIGUEZ'S PRA HISTORY =========================

| DATE | NUMBER | RATE | RECEIVED | DEPOSIT | | BANK | TLR | AMOUNT | NOTES | S# |
|------|--------|------|----------|---------|--|------|-----|--------|-------|-----|
| 04/20/98 | 6067 | 18.00 | 04/21 | 05/04 | Ø | 1 | HJS | 118.00 | | 3 |
| 04/20/98 | 6068 | 18.00 | 04/21 | 05/04 | P | 1 | HJS | 118.00 | | 3 |
| 04/20/98 | 6069 | 18.00 | 04/21 | 05/04 | Ø | 1 | HJS | 118.00 | | 3 |
| 04/20/98 | 6070 | 18.00 | 04/21 | 05/04 | Ø | 1 | HJS | 118.00 | | 3 |
| 04/15/98 | 6055 | 18.00 | 04/20 | 04/29 | J | 1 | JLP | 118.00 | | 3 |
| 04/15/98 | 6056 | 18.00 | 04/20 | 04/29 | J | 1 | JLP | 118.00 | | 3 |
| 04/03/98 | 5116 | 18.00 | 04/06 | 04/15 | Ø | 1 | JLP | 118.00 | | 3 |
| 04/03/98 | 5117 | 18.00 | 04/06 | 04/15 | Ø | 1 | JLP | 118.00 | | 3 |
| 04/03/98 | 5118 | 18.00 | 04/06 | 04/15 | Ø | 1 | JLP | 118.00 | | 3 |
| 04/03/98 | 5119 | 18.00 | 04/06 | 04/15 | P | 1 | JLP | 118.00 | | 3 |
| 03/17/98 | 5127 | 18.00 | 03/17 | 03/31 | J | 1 | JLP | 118.00 | | 3 |
| 03/17/98 | 5128 | 18.00 | 03/17 | 03/31 | J | 1 | JLP | 118.00 | | 3 |
| 03/17/98 | 5129 | 18.00 | 03/17 | 03/31 | J | 1 | JLP | 118.00 | | 3 |
| 03/17/98 | 5130 | 18.00 | 03/17 | 03/31 | J | 1 | JLP | 118.00 | | 3 |
| 03/03/98 | 167 | 18.00 | 03/04 | 03/17 | P | 1 | M M | 118.00 | | 3 |
| 03/03/98 | 168 | 18.00 | 03/04 | 03/17 | Ø | 1 | M M | 118.00 | | 3 |

Continue? (Y/N)

========================= RODRIGUEZ'S PRA HISTORY =========================

| DATE | NUMBER | RATE | RECEIVED | DEPOSIT | | BANK | TLR | AMOUNT | NOTES | S# |
|------|--------|------|----------|---------|--|------|-----|--------|-------|-----|
| 03/03/98 | 169 | 18.00 | 03/04 | 03/17 | Ø | 1 | M M | 118.00 | | 3 |
| 03/03/98 | 170 | 18.00 | 03/04 | 03/17 | Ø | 1 | M M | 118.00 | EXHIBIT B | 3 |
| 01/21/98 | 5055 | 18.00 | 01/23 | 01/30 | Ø | 0 | CCC | 118.00 | | 6 |
| 01/21/98 | 5056 | 18.00 | 01/23 | 01/30 | Ø | 0 | CCC | 118.00 | | 6 |
| 01/21/98 | 5053 | 18.00 | 01/23 | 01/30 | Ø | 0 | CCC | 118.00 | BB6783 | 6 |

| 01/07/98 | 6783 | 18. | 01/08 | 01/21 ∅ | 1 | M M | 118.00 | BB CK#6780 | 3 |
| 01/07/98 | 6786 | 18.00 | 01/08 | 01/21 ∅ | 1 | M M | 118.00 | BB CK#6781 | 3 |
| 01/06/98 | 6784 | 18.00 | 01/06 | 01/20 √ | 1 | M M | 118.00 | | ** 3 |
| 01/06/98 | 6785 | 18.00 | 01/06 | 01/20 √ | 1 | M M | 118.00 | | ** 3 |
| 12/24/97 | 6780 | 18.00 | 12/29 | 01/06 ∅ | 0 | DPP | 118.00 | | 6 |
| 12/24/97 | 6781 | 18.00 | 12/29 | 01/06 ∅ | 0 | DPP | 118.00 | | 6 |
| 11/24/97 | 4838 | 18.00 | 11/26 | 12/08 √ | 0 | RER | 118.00 | BB4833 | 6 |
| 11/24/97 | 4899 | 18.00 | 11/26 | 12/08 √ | 0 | RER | 118.00 | BB4834 | 6 |
| 11/24/97 | 4900 | 18.00 | 11/26 | 12/08 √ | 0 | RER | 118.00 | BB4835 | 6 |
| 11/24/97 | 4901 | 18.00 | 11/26 | 12/08 √ | 0 | RER | 118.00 | | 6 |

Continue? (Y/N)

## RODRIGUEZ'S PRA HISTORY

| DATE | NUMBER | RATE | RECEIVED | DEPOSIT | BANK | TLR | AMOUNT | NOTES | S# |
|------|--------|------|----------|---------|------|-----|--------|-------|----|
| 11/10/97 | 4833 | 18.00 | 11/11 | 11/24 ∅ | 1 | JLP | 118.00 | | 3 |
| 11/10/97 | 4834 | 18.00 | 11/11 | 11/24 ∅ | 1 | JLP | 118.00 | | 3 |
| 11/10/97 | 4835 | 18.00 | 11/11 | 11/24 ∅ | 1 | JLP | 118.00 | | 3 |
| 11/04/97 | 4824 | 18.00 | 11/05 | 11/18 √ | 1 | JLP | 118.00 | | 3 |
| 10/16/97 | 4793 | 18.00 | 10/17 | 10/30 √ | 1 | JLP | 118.00 | | 3 |
| 10/16/97 | 4794 | 18.00 | 10/17 | 10/30 √ | 1 | JLP | 118.00 | | 3 |
| 10/16/97 | 4797 | 18.00 | 10/17 | 10/30 √ | 1 | JLP | 118.00 | | 3 |
| 10/08/97 | 4784 | 18.00 | 10/09 | 10/24 √ | 1 | JLP | 118.00 | | 3 |
| 10/02/97 | 4777 | 18.00 | 10/03 | 10/16 ∅ | 1 | JLP | 118.00 | | 3 |
| 10/02/97 | 4778 | 18.00 | 10/03 | 10/16 ∅ | 1 | JLP | 118.00 | | 3 |
| 10/02/97 | 4778 | 18.00 | 10/03 | 10/16 ∅ | 1 | JLP | 118.00 | | 3 |
| 10/01/97 | 4719 | 18.00 | 10/02 | 10/06 √ | 1 | JLP | 118.00 | | 3 |
| 10/01/97 | 4748 | 18.00 | 10/02 | 10/15 √ | 1 | JLP | 118.00 | | 3 |
| 10/01/97 | 4749 | 18.00 | 10/02 | 10/15 √ | 1 | JLP | 118.00 | | 3 |
| 09/22/97 | 4719 | 18.00 | 09/23 | 10/01 ∅ | 1 | JLP | 118.00 | | 3 |
| 09/22/97 | 4720 | 18.00 | 09/23 | 10/01 ∅ | 1 | JLP | 118.00 | | 3 |

Continue? (Y/N)

## RODRIGUEZ'S PRA HISTORY

| DATE | NUMBER | RATE | RECEIVED | DEPOSIT | BANK | TLR | AMOUNT | NOTES | S# |
|------|--------|------|----------|---------|------|-----|--------|-------|----|
| 09/17/97 | 4710 | 18.00 | 09/18 | 10/01 ∅ | 1 | JLP | 118.00 | | 3 |
| 09/17/97 | 4712 | 18.00 | 09/18 | 10/01 ∅ | 1 | JLP | 118.00 | | 3 |
| 09/08/97 | 4694 | 18.00 | 09/09 | 09/22 ∅ | 1 | JLP | 118.00 | | 3 |
| 09/08/97 | 4695 | 18.00 | 09/09 | 09/22 ∅ | 1 | JLP | 118.00 | | 3 |
| 08/22/97 | 4642 | 18.00 | 08/25 | 08/29 ∅ | 1 | JLP | 118.00 | | 3 |
| 08/22/97 | 4643 | 18.00 | 08/25 | 08/29 ∅ | 1 | JLP | 118.00 | | 3 |
| 08/22/97 | 4644 | 18.00 | 08/25 | 09/08 ∅ | 1 | JLP | 118.00 | | 3 |
| 08/22/97 | 4645 | 18.00 | 08/25 | 09/08 ∅ | 1 | JLP | 118.00 | | 3 |
| 08/08/97 | 4608 | 18.00 | 08/13 | 08/22 ∅ | 1 | JLP | 118.00 | | 3 |
| 08/08/97 | 4609 | 18.00 | 08/13 | 08/22 ∅ | 1 | JLP | 118.00 | | 3 |
| 08/08/97 | 4610 | 18.00 | 08/13 | 08/22 ∅ | 1 | JLP | 118.00 | | 3 |
| 08/08/97 | 4611 | 18.00 | 08/13 | 08/22 ∅ | 1 | JLP | 118.00 | | 3 |
| 07/25/97 | 4581 | 18.00 | 07/28 | 08/08 ∅ | 1 | JLP | 118.00 | | 3 |
| 07/25/97 | 4583 | 18.00 | 07/28 | 08/08 ∅ | 1 | JLP | 118.00 | | 3 |
| 07/25/97 | 4584 | 18.00 | 07/28 | 08/08 ∅ | 1 | JLP | 118.00 | | 3 |
| 07/22/97 | 4577 | 18.00 | 07/22 | 08/05 √ | 1 | JLP | 118.00 | **EXHIBIT B** | 3 |

Continue? (Y/N)

Case 2:99-cv-00250 Document 1 Filed on 07/01/99 in TXSD Page 34 of 35

## RODRIGUEZ'S PRA HISTORY

| DATE | NUMBER | RATE | RECEIVED | DEPOSIT | BANK | TLR | AMOUNT | NOTES | S# |
|------|--------|------|----------|---------|------|-----|--------|-------|-----|
| 07/11/97 | 4525 | 18.00 | 07/14 | 07/25 | | 1 | JLP | 118.00 | | 3 |
| 07/11/97 | 4526 | 18.00 | 07/14 | 07/25 | | 1 | JLP | 118.00 | | 3 |
| 07/11/97 | 4527 | 18.00 | 07/14 | 07/25 | | 1 | JLP | 118.00 | | 3 |
| 07/09/97 | 4524 | 18.00 | 07/10 | 07/22 | | 1 | JLP | 118.00 | | 3 |
| 06/27/97 | 163 | 18.00 | 06/30 | 07/11 | | 1 | JLP | 118.00 | | 3 |
| 06/27/97 | 165 | 18.00 | 06/30 | 07/11 | | 1 | JLP | 118.00 | | 3 |
| 06/12/97 | 8461 | 18.00 | 06/13 | 06/26 | | 0 | HJS | 118.00 | | 3 |
| 06/12/97 | 8462 | 18.00 | 06/13 | 06/26 | | 1 | HJS | 118.00 | | 3 |
| 06/12/97 | 8463 | 18.00 | 06/13 | 06/26 | | 1 | HJS | 118.00 | | 3 |
| 06/12/97 | 8464 | 18.00 | 06/13 | 06/26 | | 1 | HJS | 118.00 | | 3 |
| 05/29/97 | 4446 | 18.00 | 06/02 | 06/12 | | 1 | JLP | 118.00 | | 3 |
| 05/29/97 | 4447 | 18.00 | 06/02 | 06/12 | | 1 | JLP | 118.00 | | 3 |
| 05/29/97 | 4448 | 18.00 | 06/02 | 06/12 | | 1 | JLP | 118.00 | | 3 |
| 05/29/97 | 4449 | 18.00 | 06/02 | 06/12 | | 1 | JLP | 118.00 | | 3 |
| 05/15/97 | 8589 | 18.00 | 05/16 | 05/29 | | 1 | JLP | 118.00 | | 3 |
| 05/15/97 | 8590 | 18.00 | 05/16 | 05/29 | | 1 | JLP | 118.00 | | 3 |

Continue? (Y/N)

## RODRIGUEZ'S PRA HISTORY

| DATE | NUMBER | RATE | RECEIVED | DEPOSIT | BANK | TLR | AMOUNT | NOTES | S# |
|------|--------|------|----------|---------|------|-----|--------|-------|-----|
| 05/15/97 | 8591 | 18.00 | 05/16 | 05/29 | | 1 | JLP | 118.00 | | 3 |
| 05/15/97 | 8592 | 18.00 | 05/16 | 05/29 | | 1 | JLP | 118.00 | | 3 |
| 05/01/97 | 8559 | 18.00 | 05/02 | 05/15 | | 1 | JLP | 118.00 | | 3 |
| 05/01/97 | 8560 | 18.00 | 05/02 | 05/15 | | 1 | JLP | 118.00 | | 3 |
| 05/01/97 | 8561 | 18.00 | 05/02 | 05/15 | | 1 | JLP | 118.00 | | 3 |
| 05/01/97 | 8562 | 18.00 | 05/02 | 05/13 | | 1 | JLP | 118.00 | | 3 |
| 04/17/97 | 8512 | 18.00 | 04/17 | 05/01 | | 1 | JLP | 118.00 | | 3 |
| 04/17/97 | 8513 | 18.00 | 04/17 | 05/01 | | 1 | JLP | 118.00 | | 3 |
| 04/17/97 | 8514 | 18.00 | 04/17 | 05/01 | | 1 | JLP | 118.00 | | 3 |
| 04/17/97 | 8515 | 18.00 | 04/17 | 05/01 | | 1 | JLP | 118.00 | | 3 |
| 04/07/97 | 8441 | 18.00 | 04/07 | 04/17 | | 1 | CCC | 118.00 | | 6 |
| 04/07/97 | 8442 | 18.00 | 04/07 | 04/17 | | 1 | CCC | 118.00 | | 6 |
| 04/03/97 | 8425 | 18.00 | 04/04 | 04/17 | | 0 | RER | 118.00 | | 6 |
| 04/03/97 | 8426 | 18.00 | 04/04 | 04/17 | | 0 | RER | 118.00 | | 6 |
| 03/14/97 | 8338 | 18.00 | 03/14 | 03/28 | J | 0 | RER | 118.00 | | 6 |
| 03/14/97 | 8339 | 18.00 | 03/14 | 03/28 | J | 0 | RER | 118.00 | | 6 |

Continue? (Y/N)

## RODRIGUEZ'S PRA HISTORY

| DATE | NUMBER | RATE | RECEIVED | DEPOSIT | BANK | TLR | AMOUNT | NOTES | S# |
|------|--------|------|----------|---------|------|-----|--------|-------|-----|
| 03/14/97 | 8340 | 18.00 | 03/14 | 03/28 | J | 0 | RER | 118.00 | | 6 |
| 03/14/97 | 8341 | 18.00 | 03/14 | 03/28 | J | 0 | RER | 118.00 | | 6 |
| 02/28/97 | 8304 | 18.00 | 02/28 | 03/14 | | 0 | RER | 118.00 | | 6 |
| 02/28/97 | 8305 | 18.00 | 02/28 | 03/14 | | 0 | RER | 118.00 | | 6 |
| 02/28/97 | 8306 | 18.00 | 02/28 | 03/14 | | 0 | RER | 118.00 | | 6 |
| 02/28/97 | 8307 | 18.00 | 02/28 | 03/14 | | 0 | RER | 118.00 | EXHIBIT B | 6 |
| 02/14/97 | 843 | 18.00 | 02/18 | 02/28 | | 0 | RER | 118.00 | | 6 |

Case 2:99-cv-00250 Document 1 Filed on 07/01/99 in TXSD Page 35 of 35

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 02/14/97 | 245 | 18.00 | 02/18 | 02/28 Ø | Ø RER | 118.00 | | 6 |
| 02/14/97 | 246 | 18.00 | 02/18 | 02/28 Ø | Ø RER | 118.00 | | 6 |
| 02/03/97 | 218 | 18.00 | 02/04 | 02/14 Ø | Ø PAF | 118.00 | | 6 |
| 02/03/97 | 219 | 18.00 | 02/04 | 02/14 Ø | Ø PAF | 118.00 | | 6 |
| 02/03/97 | 220 | 18.00 | 02/04 | 02/14 Ø | Ø PAF | 118.00 | | 6 |
| 02/03/97 | 221 | 18.00 | 02/04 | 02/14 Ø | Ø PAF | 118.00 | | 6 |
| 01/16/97 | 189 | 18.00 | 01/21 | 01/29 J | Ø M D | 118.00 | | 6 |
| 01/16/97 | 190 | 0.00 | 01/21 | 01/29 J | Ø M D | 118.00 | | 6 |

Continue? (Y/N)

## RODRIGUEZ'S PRA HISTORY

| DATE | NUMBER | RATE | RECEIVED | DEPOSIT | BANK | TLR | AMOUNT | NOTES | S# |
|---|---|---|---|---|---|---|---|---|---|
| 01/16/97 | 191 | 18.00 | 01/21 | 01/29 J | Ø | M D | 118.00 | | 6 |
| 01/16/97 | 192 | 18.00 | 01/21 | 01/29 J | Ø | M D | 118.00 | | 6 |
| 01/15/97 | 7137 | 18.00 | 01/13 | 01/16 Ø | Ø | JJJ | 118.00 | | 6 |
| 01/13/97 | 7138 | 18.00 | 01/13 | 01/16 Ø | 1 | JJJ | 118.00 | | 6 |
| 01/06/97 | 7139 | 18.00 | 01/13 | 01/16 Ø | Ø | M D | 118.00 | | 6 |
| 01/02/97 | 7112 | 18.00 | 01/03 | 01/06 Ø | 1 | JJJ | 118.00 | | 6 |
| 01/02/97 | 7113 | 18.00 | 01/03 | 01/06 Ø | 1 | JJJ | 118.00 | | 6 |
| 12/06/96 | 7048 | 18.00 | 12/10 | 12/20 J | 1 | CCC | 118.00 | | 6 |
| 12/06/96 | 7049 | 18.00 | 12/10 | 12/20 J | 1 | CCC | 118.00 | | 6 |
| 11/25/96 | 7034 | 18.00 | 12/02 | 12/06 Ø | 1 | A G | 118.00 | | 6 |
| 11/25/96 | 7035 | 18.00 | 12/02 | 12/06 Ø | 1 | A G | 118.00 | | 6 |
| 11/25/96 | 7036 | 9.00 | 12/02 | 12/09 J | 1 | A G | 59.00 | | 6 |
| 11/11/96 | 7014 | 18.00 | 11/18 | 11/25 J | Ø | A G | 118.00 | | 6 |
| 11/06/96 | 7005 | 18.00 | 11/13 | 11/20 J | Ø | KIM | 118.00 | | 6 |
| 10/28/96 | 157 | 18.00 | 11/01 | 11/06 Ø | Ø | A G | 118.00 | | 6 |
| 10/04/96 | 100 | 18.00 | 10/08 | 10/16 Ø | Ø | KIM | 118.00 | | 6 |

Continue? (Y/N)

## RODRIGUEZ'S PRA HISTORY

| DATE | NUMBER | RATE | RECEIVED | DEPOSIT | BANK | TLR | AMOUNT | NOTES | | S# |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/04/96 | 115 | 18.00 | 10/04 | 10/16 Ø | Ø | KIM | 118.00 | | | 6 |
| 09/27/96 | 4200 | 18.00 | 10/16 | 10/11 J | Ø | KIM | 118.00 | | | 6 |
| 09/06/96 | 4095 | 0.00 | 10/04 | 09/20 J | Ø | KIM | 118.00 | | | 6 |
| 09/06/96 | 4096 | 18.00 | 01/21 | 09/20 J | Ø | KIM | 118.00 | | | 6 |
| 09/06/96 | 4096 | 18.00 | 10/04 | 09/20 J | Ø | KIM | 59.00 | | | 6 |
| 08/29/96 | 4093 | 18.00 | 09/18 | 09/12 J | Ø | KIM | 59.00 | | | 6 |
| 07/22/96 | 4085 | 12.71% | 07/29 | 08/05 J | 1 | FOG | 118.00 | 3172- | 12 | 6 |
| 05/23/96 | 3967 | 12.71% | 05/28 | 06/05 J | Ø | NCP | 118.00 | 112-5987 | | 6 |
| 04/19/96 | 3961 | 12.71% | 04/23 | 05/03 J | Ø | SAM | 118.00 | 112-1803 | | 6 |

TOTAL: $ 27,081.00

EXHIBIT B