United States District Court
Southern District of Texas
FILED

NOV 24 1999

Michael N. Milby, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **GEORGE RODRIGUEZ on behalf of himself and all others similarly situated, Plaintiffs,** | * | |
| **VS.** | * | **Civil Action No. C-99-250** |
| **CHECKNET, INC., a Foreign California Corporation, CURRENCY EXCHANGE OF TEXAS d/b/a CONVENIENT CHECK CASHING, a Texas Corporation, CHAD MIRAGLIA, Individually, GREGORY MICHAEL PURCELL, Individually and DOUGLAS PATRICK PURCELL, Individually, Defendants.** | * | **CLASS ACTION Jury Demanded** |

**CHECKNET, INC. A FOREIGN CALIFORNIA CORPORATION, AND CHAD MIRAGLIA, INDIVIDUALLY'S ORIGINAL ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**

**COMES NOW CHECKNET, INC., a Foreign California Corporation** (hereinafter referred to as "Checknet") and **CHAD MIRAGLIA, Individually** (hereinafter referred to as "Miraglia") also collectively referred to as "Defendants" and files this their Original Answer to Plaintiff's First Amended Class Action Complaint as follows:

1. Checknet and Miraglia deny the allegations of liability contained in paragraph 1.

2. On information and belief, Defendants admit that Plaintiff has raised allegations which appear to fall within **Federal Truth-In-Lending Act** and that said allegations pursuant to said Act may be heard in either state or federal court. Defendant denies the remaining allegations of paragraph 2 and demands strict proof of the same.

14.

3. On information and belief, Defendants lack sufficient information to admit or deny the allegations in paragraph 3 of the Complaint.

4. Checknet admits that it is a California Corporation registered to do business in the State of Texas.

5. On information and belief, these Defendants lack sufficient information to admit or deny the allegations of paragraph 5.

6. Miraglia admits that he is a lawful resident of the State of California and President of Checknet, Inc.

7. On information and belief, Defendants lack sufficient information to admit or deny the allegations in paragraph 7.

8. On information and belief, Defendants lack sufficient information to admit or deny the allegations in paragraph 8.

9. Defendants deny that they committed any violations and demands strict proof of the same. Defendants deny that they engaged any principals, supervisors, employers, employees, agents, representatives, officers, directors, shareholders, parent corporations, subsidiary corporations, franchisers and franchisees in any wrongful conduct and demands strict proof of the same.

10. Defendants deny the allegations of paragraph 10 and demands strict proof of the same.

11. Defendants deny the allegations of paragraph 11 and demands strict proof of the same.

12. Defendants deny the allegations of paragraph 12 and demands strict proof of the same.



ClibPDF - www.fastio.com

13. On information and belief, to the extent Plaintiffs allegations of paragraph 13 is Plaintiff's alleged interpretation of the law, the same need not be answered. As to the remaining portions of paragraph 13, Defendants deny the factual allegations and/or alleged wrongdoing and demands strict proof of the same.

14. On information and belief, to the extent Plaintiffs allegations of paragraph 14 is Plaintiff's alleged interpretation of the law, the same need not be answered. As to the remaining portions of paragraph 14, Defendants deny the factual allegations and/or alleged wrongdoing and demands strict proof of the same.

15. On information and belief, to the extent Plaintiffs allegations of paragraph 15 is Plaintiff's alleged interpretation of the law, the same need not be answered. As to the remaining portions of paragraph 15, Defendants deny the factual allegations and/or alleged wrongdoing and demands strict proof of the same. Defendants deny that Plaintiffs have complied with all prerequisites imposed under the Texas Deceptive Trade Practices Act and demands strict proof of the same.

16. Defendants deny the allegations of paragraph 16 and demand strict proof of the same.

17. Defendants deny the allegations of paragraph 17 and demand strict proof of the same.

18. Defendants deny the allegations of paragraph 18 and demand strict proof of the same.

19. Defendants deny the allegations of paragraph 19 and demand strict proof of the same.

20. Defendant Miralgia admits he is President of Checknet, Inc. Defendant denies the remaining portions of paragraph 20 and demands strict proof of the same.

21. On information and belief, Defendants lack sufficient information to admit or deny the allegations in paragraph 21.



ClibPDF - www.fastio.com

22. On information and belief, Defendants lack sufficient information to admit or deny the allegations in paragraph 22.

23. On information and belief, Defendants lack sufficient information to admit or deny the allegations in paragraph 21.

24. On information and belief, Defendants lack sufficient information to admit or deny the allegations in paragraph 21.

25. Defendants deny the allegations of paragraph 25 and demand strict proof of the same

26. Defendants deny the allegations of paragraph 26 and demand strict proof of the same.

27. On information and belief, Defendants admit that Convenient Check Cashing has advertised in the Southwestern Bell Yellow Pages. Insofar as the same alleges that Currency Exchange of Texas, Inc. under the assumed name Convenient Check Cashing engaged in said advertising, Defendants deny the remaining portions of said paragraph and demand strict proof of the same.

28. Defendants deny the allegations in paragraph 28 and demands strict proof of the same.

29. On information and belief, Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 29.

30. As to Defendants Checknet and Miralgia, Defendants admit that they are not required to be licensed since they are not in the business of making loans in the State of Texas. On information and belief, Defendants lack sufficient information to admit or deny as to other Defendants in this cause.



ClibPDF - www.fastio.com

31. Defendants deny the allegations of paragraph 31 since they are not in the business of making loans. On information and belief, Defendants lack sufficient information to admit or deny the allegations as to the remaining Defendants.

32. Defendants deny the allegations of paragraph 32. On information and belief, Defendants cannot admit or deny the allegations of this paragraph as to other Defendants.

33. Defendants deny the allegations of paragraph 33. On information and belief, Defendants cannot admit or deny the allegations of this paragraph as to other Defendants.

34. Defendants deny the allegations of paragraph 34. On information and belief, Defendants cannot admit or deny the allegations of this paragraph as to other Defendants.

35. Defendants deny the allegations of paragraph 35. On information and belief, Defendants cannot admit or deny the allegations of this paragraph as to other Defendants.

36. Defendants deny the allegations of paragraph 36. On information and belief, Defendants cannot admit or deny the allegations of this paragraph as to other Defendants.

37. Defendants deny the allegations of paragraph 37. On information and belief, Defendants cannot admit or deny the allegations of this paragraph as to other Defendants.

38. Defendants deny the allegations of paragraph 38. Defendants deny that the Federal Truth-In-Lending Act applies to these Defendants. On information and belief, Defendants cannot admit or deny the allegations of this paragraph as to other Defendants.

39. Defendants deny the allegations of paragraph 39. On information and belief, Defendants cannot admit or deny the allegations of this paragraph as to other Defendants.

40. Defendants deny the allegations of paragraph 40. On information and belief, Defendants cannot admit or deny the allegations of this paragraph as to other Defendants.



ClibPDF - www.fastio.com

41. Defendants deny the allegations of paragraph 41. On information and belief, Defendants cannot admit or deny the allegations of this paragraph as to other Defendants.

42. Defendants deny the allegations of paragraph 42. On information and belief, Defendants cannot admit or deny the allegations of this paragraph as to other Defendants.

43. Defendants deny the allegations of paragraph 43. On information and belief, Defendants cannot admit or deny the allegations of this paragraph as to other Defendants.

44. Defendants deny the allegations of paragraph 44. On information and belief, Defendants cannot admit or deny the allegations of this paragraph as to other Defendants.

45. Defendants deny the allegations of paragraph 45. On information and belief, Defendants cannot admit or deny the allegations of this paragraph as to other Defendants.

46. Defendants deny the allegations of paragraph 46. On information and belief, Defendants cannot admit or deny the allegations of this paragraph as to other Defendants.

47. Defendants deny the allegations of paragraph 47. On information and belief, Defendants cannot admit or deny the allegations of this paragraph as to other Defendants.

48. Defendants deny the allegations of paragraph 48. On information and belief, Defendants cannot admit or deny the allegations of this paragraph as to other Defendants.

49. Defendants deny the allegations of paragraph 49. On information and belief, Defendants cannot admit or deny the allegations of this paragraph as to other Defendants.

50. Defendants admit the allegations of paragraph 50 but denies that it committed any violations of any laws or statutes and demands strict proof of the same.

51. Defendants deny the allegations of paragraph 51 and demands strict proof of the same. On information and belief, Defendants cannot admit or deny the allegations of this paragraph



ClibPDF - www.fastio.com

as to other Defendants.

52. Defendants deny the allegations of paragraph 52 and demands strict proof of the same. On information and belief, Defendants cannot admit or deny the allegations of this paragraph as to other Defendants.

53. Defendants deny the allegations of paragraph 53 and demands strict proof of the same. On information and belief, Defendants cannot admit or deny the allegations of this paragraph as to other Defendants.

54. Defendants deny the allegations of paragraph 54 for the reason that they are not in the business of making loans or advances and therefore, are not subject to any requirements imposed under TILA. On information and belief, Defendants cannot admit or deny the allegations of this paragraph as to other Defendants.

55. Defendants deny the allegations of paragraph 55 for the reason that they are not in the business of making loans or advances and therefore, are not subject to any requirements imposed under TILA. On information and belief, Defendants cannot admit or deny the allegations of this paragraph as to other Defendants.

56. Defendants deny the allegations of paragraph 56. On information and belief, Defendants cannot admit or deny the allegations of this paragraph as to other Defendants.

57. These Defendants cannot admit or deny the allegations in paragraph 57 since there is no Exhibit "C" attached to the pleadings served on these Defendants

58. Defendants deny the allegations of paragraph 58 and demands strict proof of the same. On information and belief, Defendants cannot admit or deny the allegations of this paragraph as to other Defendants.



ClibPDF - www.fastio.com

59. Defendants deny the allegations of paragraph 59 and demands strict proof of the same.

60. Defendants deny the allegations of paragraph 60 and demands strict proof of the same.

61. Defendants deny the allegations of paragraph 61(a) and (b) and demands strict proof of the same.

62. Defendants deny the allegations of paragraph 62 and demands strict proof of the same.

63. Defendants deny the allegations of paragraph 63 and demands strict proof of the same.

64. Defendants deny the allegations of paragraph 64 and demands strict proof of the same.

65. Defendants deny the allegations of paragraph 65 and demands strict proof of the same.

66. Defendants deny the allegations of paragraph 66 and demands strict proof of the same.

67. Defendants deny the allegations of paragraph 67 and demands strict proof of the same.

68. Defendants deny the allegations of paragraph 68 and demands strict proof of the same.

69. Defendants deny the allegations of paragraph 69 and demands strict proof of the same.



ClibPDF - www.fastio.com

70. Defendants aver that all of its responses to allegations contained in paragraphs 1 through 69 are incorporated herein by reference the same as if copied verbatim in response to **COUNT ONE**.

71. Defendants aver on information and belief that the allegations of paragraph 71 merely restate the claims of Plaintiffs, and, therefore, need not be answered.

72. Defendants aver that the allegations in paragraph 72 merely restate that a statute exists, and, therefore, it need not be answered. In the alternative, Defendants deny that the Truth in Lending Act apply to these Defendants.

73. Defendants aver that the allegations in paragraph 73 merely restate that a statute exists, and, therefore, it need not be answered. In the alternative, Defendants deny that 15 U.S.C. Section 1638(a) applies to these defendants.

74. Defendants aver that the allegations in paragraph 74 merely restate that a statute exists, and, therefore, it need not be answered. In the alternative, Defendants deny that 15 U.S.C. Section 1638(a) applies to these defendants.

75. Defendants aver that paragraph 75 merely states that a federal statute exists. Defendants deny that Regulation Z, 12 C.F.R. § 226.17 applies to these Defendants.

76. Defendants aver that paragraph 76 merely states that a federal statute exists. Defendants deny that Regulation Z, 12 C.F.R. § 226.17 applies to these Defendants.

77. Defendants aver that paragraph 77 merely states that a federal statute exists. Defendants deny that Regulation Z, 12 C.F.R. § 226.17 applies to these Defendants.

78. Defendants aver that paragraph 78 merely states that a federal statute exists. Defendants deny that Regulation Z, 12 C.F.R. § 226.17 applies to these Defendants.



ClibPDF - www.fastio.com

79. Defendants deny the allegations of paragraph 79(1) through (5) and demand strict proof of the same. Defendants deny that the Truth in Lending Act or Regulation Z apply to this Defendant.

80. Defendants deny the allegations of paragraph 80 and demand strict proof of the same. Under information and belief, Defendants lack sufficient information as to admit or deny as to any other Defendants.

81. Defendants deny the allegations of paragraph 81. Defendants deny that Plaintiffs or any purported class are entitled to any damages against these Defendants jointly and severally as alleged in paragraph 81(1) through (4) and demands strict proof of the same.

82. Defendants incorporate their previous answers to paragraph 1 to 81 herein the same as if copied verbatim in response to **COUNT TWO**.

83. Defendants aver that paragraph 83 is a recitation of allegations being made by Plaintiffs and need not be answered. In the alternative, Defendants deny the allegations of paragraph 83 and demands strict proof of the same.

84. Defendants aver that paragraph 84(a)(1)(2) and (b) merely are Plaintiffs' interpretation of a statute, and, therefore, need not be answered. Defendants deny that § 342.001 of the Texas Finance Code apply to these Defendants and demands strict proof of the same.

85. Defendants aver that paragraph 85(a)(1)(2) and (b) merely are Plaintiffs' interpretation of a statute, and, therefore, need not be answered. Defendants deny that Article 5069A.101 apply to these Defendants and demands strict proof of the same. Defendants further deny that they are in the process of making loans.

86. Defendants aver that paragraph 86(a)(1)(2)(3) and (4) merely are Plaintiffs'



ClibPDF - www.fastio.com

interpretation of a statute, and, therefore, need not be answered. Defendants deny that Article 5069A.005 apply to these Defendants and demands strict proof of the same. Defendants further deny that they are in the process of making loans.

87. Defendants aver that paragraph 87(a)(1)(3) and (c) merely are Plaintiffs' interpretation of a statute, and, therefore, need not be answered. Defendants deny that Article 5069-1D.201 apply to these Defendants and demands strict proof of the same. Defendants further deny that they are in the process of making loans.

88. Defendants aver that paragraph 88(b) merely are Plaintiffs' interpretation of a statute, and, therefore, need not be answered. Defendants deny that Article 5069A.102(b) apply to these Defendants and demands strict proof of the same. Defendants further deny that they are in the process of making loans.

89. Defendants aver that paragraph 89(a) and (b) merely are Plaintiffs' interpretation of a statute, and, therefore, need not be answered. Defendants deny that Article 5069A.004 apply to these Defendants and demands strict proof of the same. Defendants further deny that they are in the process of making loans.

90. Defendants aver that paragraph 90(a)(3)(4)(8)(10)(13)(A)(B)(18) and (b) merely are Plaintiffs' interpretation of a statute, and, therefore, need not be answered. Defendants deny that Article 5069-1B.002 apply to these Defendants and demands strict proof of the same. Defendants further deny that they are in the process of making loans.

91. Defendants deny the allegations of paragraph 91 and demand strict proof of the same. Defendants further deny that they are in the business of making loans, and, therefore, §5069-1B.002(a)(10) do not apply to these Defendants.



ClibPDF - www.fastio.com

92. Defendants aver that paragraph 92 is Plaintiffs' interpretation of a statute, and, therefore, need not be answered. Defendants deny that Article 5069A.101(b) applies to these Defendants, since they are not in the business of making loans.

93. Defendants deny the allegations of paragraph 93 and demands strict proof of the same. Defendants deny that said Article 5069A.002 applies to these Defendants, since they are not in the business of making loans.

94. Defendants deny the allegations of paragraph 94 and demands strict proof of the same. Defendants deny that Article 5069-1C.001(c) or 5069A apply to these Defendants since they are not in the business of making loans.

95. Defendants deny the allegations of paragraph 96 and demands strict proof of the same. Defendants deny that Article 5069-1C.001 applies to these Defendants since they are not in the business of making loans.

96. Defendants deny the allegations of paragraph 96 and demands strict proof of the same. Defendants deny that they are in the business of making loans, and, therefore Chapter 371 of the Texas Finance Code does not apply to these Defendants.

97. Defendants deny the allegations of paragraph 97 and demands strict proof of the same. Defendant deny that Article 5069A applies to these Defendants since they are not in the business of making loans.

98. Defendants deny the allegations of paragraph 98(a)(b)(c)(d)(e) and (f) and demands strict proof of the same. Defendants deny that § 342.001(a) of the Texas Finance Code; Article 5069A.101(a); § 342.001(b) of the Texas Finance Code; or Article 5069A.101 apply to these Defendants since they are not in the business of making loans.



ClibPDF - www.fastio.com

99. Defendants deny the allegations of paragraph 99 and demands strict proof of the same.

100. Defendants deny the allegations of paragraph 100 and demands strict proof of the same. Defendants further deny that Plaintiff George Rodriguez or any other members of any class or subclass are entitled to any damages against these Defendants either jointly or severally and demands strict proof of the same.

101. Defendants incorporate its previous responses to paragraph 1 through 100 herein the same as if copied verbatim in response to allegations made under **COUNT THREE**.

102. The allegations of paragraph 102 are pleading allegations, and, therefore, do not have to be responded to.

103. Defendants deny the allegations of paragraph 103 and demands strict proof of the same.

104. Defendants deny the allegations of paragraph 104 and demands strict proof of the same.

105. Defendants deny the allegations of paragraph 105 and demands strict proof of the same. Defendants further deny that they are subject to §392.404(a) of the Texas Finance Code, since it is not in the business of lending money.

106. Defendants deny the allegations of paragraph 106 and demands strict proof of the same.

107. Defendants incorporates its responses to paragraphs 101 through 106 the same as if copied verbatim in response to **COUNT FOUR**.

108. Defendants aver that paragraph 108 is a pleading recital. Otherwise, Defendants deny



ClibPDF - www.fastio.com

said allegations and demands strict proof of the same.

109. Defendants deny the allegations of paragraph 109(1) through (5). Defendants aver that Plaintiffs have failed to comply with all conditions precedent to recovery under said statute and demands strict proof of the same. Defendants further aver that they are not a lender and/or lent any money to Plaintiffs, and, therefore, are not subject to said statutes as a "lender". Defendants deny that Plaintiffs have met their burden of proof for this Court to exercise his equitable jurisdiction and enter a permanent injunction and demands strict proof of the same. Defendants deny that irreparable harm will or has been caused to the Plaintiffs and demands strict proof of the same. Defendants deny that they are lacks of adequate remedy at law such that an injunction should be imposed. Defendants deny that Plaintiffs will prevail on the merits, and, therefore, an injunction is not proper. Defendants deny the allegations of paragraph 109 subparts 1 through 12, where Plaintiffs request injunctive relief for the reason that Plaintiffs are not entitled to injunction as a matter of law or under equity; irreparable harm has not been caused to Plaintiffs; it is not likely that Plaintiffs will prevail on the merits of this lawsuit; and an inadequate remedy exists for Plaintiffs.

110. Defendants aver and incorporate herein all of its answers to paragraph 1 through 109 in their response to **COUNT FIVE**.

111. Defendants states that paragraph 111 is a pleading recitation, and, therefore, no answer is necessary.

112. Defendants deny the allegations of paragraph 112 and demands strict proof of the same.

113. Defendants deny the allegations of paragraph 113 and demands strict proof of the same. On information and belief, Defendants lack sufficient information to respond as to other



ClibPDF - www.fastio.com

Defendants.

114. Defendants deny the allegations of paragraph 114 and demands strict proof of the same. On information and belief, Defendants lack sufficient information to respond as to other Defendants.

115. Defendants deny the allegations of paragraph 115 and demands strict proof of the same. On information and belief, Defendants lack sufficient information to respond as to other Defendants.

116. Defendants deny the allegations of paragraph 116 and demands strict proof of the same. Defendants deny that they engaged in any pattern of racketeering activity or in any manner violated 18 U.S.C. § 1962(c) or that said act applies to these Defendants. Defendants deny that they are in the business of lending money and/or subject to statutes relating to the lending of money in the state of Texas, and, therefore, said statute does not apply to these Defendants. Defendants deny subparts (a) through (h) of paragraph 116 and demands strict proof of the same.

117. Defendants deny the allegations of paragraph 117 and demands strict proof of the same.

118. Defendants deny the allegations of paragraph 188 and demands strict proof of the same.

119. Defendants deny the allegations of paragraph 119 and demands strict proof of the same.

120. Defendants deny the allegations of paragraph 120 and demands strict proof of the same.

121. Defendants deny the allegations of paragraph 121 and demands strict proof of the



ClibPDF - www.fastio.com

same.

122. Defendants deny the allegations of paragraph 122 and demands strict proof of the same.

123. Defendants deny the allegations of paragraph 123 and demands strict proof of the same.

**AFFIRMATIVE AND OTHER DEFENSES**

124. Defendants Checknet, Inc., a Foreign California Corporation and Chad Miraglia, Individually deny that they were properly served as required under F.R.C.P. 4 and raise the affirmative defense of improper service and/or service not in accordance with said Rule.

125. Defendants raise the affirmative defense of failure to comply with all prerequisites required by statute in order to bring forth claims under the Texas Deceptive Trade Practices Act or under the Texas Finance Code and demands strict proof of the same.

126. In the unlikely event that any violations of either Federal or State Truth-In-Lending regulations occur, including, but not limited to, Regulation "Z", the Texas Finance Code, the Texas Consumer Credit Code, Federal Truth-In-Lending Act, which said violations are denied, that said violations occurred as a result of either bona fide error, or were diminimus non curax, and/or unintentional.

127. Defendants request that this action be abated pursuant to Article 5069-1F.006 which requires a 60 day written notice before filing suit. Defendants aver that they did not receive said notice prior to filing of this suit.

128. Pursuant to § 17.41 of the Texas Business and Commerce Code, Defendants request that this matter be abated since said Section requires 60 day written notice prior to filing suit.



ClibPDF - www.fastio.com

Defendants did not receive said notice as required by statute. Defendants aver that Article 3A.001 et. seq. of the Texas Revised Civil Statutes only applies to those persons holding a license under Chapter 3A. Consumer Loans. These Defendants do not hold such a license, and, therefore, said chapter does not apply to these Defendants.

129. Chapter 342 of the Texas Finance Code applies only to "authorized lenders". These Defendants do not hold a license nor are they required to hold such license, and, therefore, said chapter 342 does not apply to these Defendants.

130. Defendants aver that they are not subject to 15 U.S.C. § 1601 et. seq. for the reason that they are not in the business of making loans nor do they make loans, and, therefore, said statute does not apply to Defendants.

131. Defendants aver that the statutory penalty provisions of the Federal Truth-In-Lending Act, Texas Finance Code, Texas Consumer Credit Code, Regulation Z, Texas and Business Commerce Code, insofar as it relates to the awarding of statutory damages, are unconstitutional.

132. Defendants aver that pursuant to Texas Finance Code, in the unlikely event that Plaintiffs recover any damages herein to which Defendants deny, Plaintiffs are entitled to only one recovery under 15 U.S.C. § 1601 et. seq. and/or § 349.404 of the Texas Finance Code.

133. Defendants aver that in the unlikely event that this Court should find that there occurred violations of the Texas Finance Code or that said Finance Code applies to these Defendants, then, in that event, and only in that event, any penalties or liabilities should be determined under the Texas Finance Code §349.403 "Class Action" and not under any other sections.

134. Defendants raise the affirmative defenses of waiver, estoppel, and unclean hands.



ClibPDF - www.fastio.com

135. Since discovery is in its infancy, Defendants hereby preserve and/or reserve their right to raise additional affirmative defenses as may be allowed under any federal or state statute applicable herein.

**WHEREFORE, PREMISES CONSIDERED,** Defendants **CHECKNET, INC., a Foreign California Corporation** and **CHAD MIRAGLIA, Individually** request that this Court deny all relief (legal or equitable) to Plaintiffs and/or those similarly situated; deny all relief for class action certification; deny all relief for any damages; and/or such other and further relief to which these Defendants may be justly entitled to as a matter of law.

Respectfully submitted,

**SORRELL, ANDERSON, LEHRMAN, MAIXNER & RIDULFO, L.L.P.**
711 N. Carancahua
1200 American Bank Plaza
Corpus Christi, Texas 78475
(512) 884-4981
(512) 884-9618 (Fax)

By: ______________________
Andrew J. Lehrman
State Bar No. 12178500
Federal Bar No. 329

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to Plaintiff on this 24 day of November, 1999, as follows:

Mr. James T. McMillan
801 Ayers
Corpus Christi, Texas 78404-1914

**VIA: CERTIFIED MAIL Z 582 522 840**
**RETURN RECEIPT REQUESTED**



ClibPDF - www.fastio.com

Mr. David V. Herin
P.O. Box 2208
Corpus Christi, Texas 78403

**VIA: CERTIFIED MAIL Z 582 522 851**
**RETURN RECEIPT REQUESTED**

Andrew J. Lehrman



ClibPDF - www.fastio.com